VEGH, PLAINTIFF-APPELLEE, *v.* KISH, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26644. Decided March 12, 1964.

*Messrs. Krause, Klein & Fromson*, for plaintiff-appellee.
*Mr. Francis E. Picklow*, for defendant-appellant.

*Per Curiam.* This appeal comes to this court on questions of law from a judgment of the Municipal Court of Cleveland imposing a fine and sentence on defendant for disobedience of

an order of the court pursuant to Section 2705.02, Revised Code. The disobedience resulted from the defendant's re-entry upon the premises from which she had been evicted pursuant to a forcible entry and detainer action brought by the plaintiff. The record clearly evinces the fact that the plaintiff's husband, who was the owner of an undivided one-half interest in the premises, invited the defendant back into the premises subsequent to defendant's eviction. The trial court, after being apprised of defendant's re-entry, found her guilty of contempt of court.

An action which falls under the above section of the Revised Code is what is commonly referred to as an "indirect" or "constructive" contempt. In such instance, an intent to disobey the court's order is a condition precedent to the finding of contempt.

In 11 Ohio Jurisprudence (2d), 123, Contempt, Section 38, it is stated:

"* * * Proceedings in contempt under the statute enumerating acts in contempt of court other than direct contempts, must be based upon some order, judgment, or command of a court or officer, or they must be dismissed. In such respect, it is the wilfulness of the violation of an order of court which constitutes the contempt—that is, there must have been an intent, knowing the order, or at least its nature, to transgress it, before a court will inflict punishment. * * *."

See also, *Taylor v. Holmes*, 96 Ohio App., 181, 121 N. E. (2d), 320.

It is our determination that the defendant, as a matter of law, could not have had the intent necessary to constitute contempt when the owner of an undivided one-half interest in the premises invited her to re-enter. In such situation, plaintiff could have availed herself of appropriate proceedings in the Court of Common Pleas.

For the reasons stated, the judgment of the Municipal Court is reversed as contrary to law and final judgment entered for the defendant.

Exceptions. Order see journal.

SILBERT, Actiong Chief Justice, ARTL and CORRIGAN, JJ., concur.