CITY OF CLEVELAND, Appellee,

v.

ANDERSON et al., Appellants.

[Cite as *Cleveland v. Anderson* (1992), 82 Ohio App.3d 63.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 60718 to 60728 and 60782 to 60796.

Decided Aug. 3, 1992.

64

---

*Mark McClain,* for appellee.

*Ellen Loth* and *John G. Farnan,* for appellants.

JAMES D. SWEENEY, Judge.

On July 17, 1990, the defendants-appellants, twenty-six abortion protestors, pled no contest to a single charge of disorderly conduct, a minor misdemeanor under Cleveland Municipal Ordinance 605.03. Appellants were sentenced by the trial court to the maximum allowable fine of $100 plus costs, with costs suspended.

After hearing the sentence of the court, the appellants informed the court that although they had the ability to pay the fine they would not pay the fine because of religious and philosophical beliefs. They further requested that they be sent to the county workhouse to satisfy the fine at the rate of $30 per day pursuant to R.C. 2947.14. In lieu of the fines the trial court offered to place each of the appellants on one year of probation conditioned upon eighty hours of community service. The appellants, through counsel, indicated they would refuse the terms of probation and once again requested that they be sent to the county jail. At this point the trial court continued the proceedings until July 27, 1990 to allow the appellants time to consider their sentencing alternatives.

On July 27, 1990, the appellants appeared before the trial court. The appellants advised the court that they would not pay the fine. The court then attempted to impose eighty hours of community service upon the appellants as a condition of probation. The appellants informed the court they would not accept the eighty hours as a condition of probation. Significantly, there are no judgment entries indicating that the defendants were ever placed on probation. At the conclusion of the July 27th proceeding the case was continued until October 26, 1990.

On October 26, 1990, the appellants once again appeared before the trial court. After learning that the appellants had neither paid the fine nor performed the community service, the trial court found the appellants guilty of contempt. The twenty-six appellants were sentenced to thirty days in jail with the stipulation that they could purge themselves of contempt by either paying the fine or performing the community service.

The instant appeal followed on October 26, 1990. This court granted appellate bond and suspended the execution of the sentences pending the outcome of this appeal in an entry dated November 16, 1990.

Appellants' first assignment of error:

"The trial judge's finding of contempt must be vacated because the order on which the finding was based was an invalid and unlawful order."

Initially, appellants argue that the trial judge abused his discretion by imposing community service on appellants without their express consent.

Appellants maintain community service was ordered in violation of R.C. 2951.02(H). Appellants' argument has merit.

R.C. 2951.02(H) provides in relevant part:

"Supervised community service work shall not be required as a condition of probation under this division unless the offender agrees to perform the supervised community service work offered as a condition of probation by the court. * * * "

Pursuant to the above-quoted statute, a trial court may not impose mandatory community service as a condition of probation without the acquiescence of the offender.

In the instant case the trial court attempted to impose mandatory community service upon the appellants in contravention of R.C. 2951.02(H). The record indicates that the appellants communicated their refusal to perform the community service to the trial court at each of the hearings held on July 17, 1990 and July 27, 1990. Despite appellants' unwillingness to perform the community service, the trial court attempted to order community service. We thus conclude that the trial court's attempted order was an abuse of discretion and contrary to law, since the trial court may not order community service work where an offender specifically refuses its performance. R.C. 2951.02(H).

Next, appellants argue the trial court's imposition of thirty days incarceration in lieu of payment of the $100 fine was improper in light of R.C. 2947.14. Appellants argument has merit.

The statute provides in relevant part:

"(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.

" * * *

"(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as a whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of thirty dollars per day or fraction of a day. If the unpaid fine is less than thirty dollars, the person shall be imprisoned one day."

R.C. 2947.14 was promulgated by the legislature to provide a method for the collection of a fine where an offender is unwilling to pay. *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 49 O.O.2d 428, 253 N.E.2d 749.

It is clear from the plain language of R.C. 2947.14(A) that when an offender is able but unwilling to pay a fine the court may order that the offender be committed to the jail or workhouse. It is likewise clear from the plain language of R.C. 2947.14(D) that no person shall be committed to a jail or workhouse in satisfaction of a fine except as provided in R.C. 2947.14. Further, R.C. 2947.14(D) requires that any person imprisoned pursuant to R.C. 2947.14 shall receive credit toward the fine of $30 per day served. See *Alliance v. Kelly* (1988), 48 Ohio App.3d 133, 548 N.E.2d 952.

In the instant case the record reflects that the appellants were able to pay the $100 fine but refused to pay the fine because of religious and philosophical beliefs. Pursuant to the operation of R.C. 2947.14, the appellants should have been sentenced to the workhouse to satisfy the $100 fine. We thus conclude that the court's refusal to commit the appellants to the workhouse for their refusal to pay the court-ordered $100 fine was contrary to law.

Consistent with the foregoing, the judgment of the trial court finding the appellants in contempt for failure to pay their fines or perform the community service work is invalid. Accordingly, appellants' first assignment of error is sustained.

Appellants' second assignment of error:

"The trial court's finding of contempt cannot stand without a finding of defendants-appellants' intent."

Under the second assignment of error appellants correctly point out that intent to disobey a court's order is a condition precedent to a finding of contempt. *State v. Khong* (1985), 29 Ohio App.3d 19, 29, 29 OBR 20, 30, 502 N.E.2d 682, 691, citing *Vegh v. Kish* (1964), 8 Ohio App.2d 217, 196 N.E.2d 797. We also note that the Supreme Court of Ohio has held in direct contempt cases that an offender is presumed to intend the natural, reasonable and probable consequences of his voluntary acts. *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 5 OBR 255, 449 N.E.2d 445.

In the instant case the appellants' refusal to comply with the trial court's orders was not motivated by an improper or illegitimate purpose. Their refusal to comply with the trial court's orders was based on a correct interpretation of the law. As was previously discussed, the appellants had a statutory right to refuse to perform the community service as a condition of probation. R.C. 2951.02(H). Further, they were willing to serve time in the

workhouse in lieu of paying the fine in compliance with R.C. 2947.14. See discussion, *supra.*

Under these circumstances the record does not support the required finding of intent. Accordingly, we sustain appellants' second assignment of error and reverse the trial court's finding of contempt.

Appellants' third assignment of error:

"The trial court's judgment of contempt was vindictive and constitutes an abuse of discretion."

Under the third assignment of error appellants argue: "If this Honorable Court should find that the underlying order for the judgment of contempt was valid and lawful, and that there was intent on the part of the defendants-appellants, the Court must find that the trial court's judgment of contempt and sentence of thirty days in the workhouse was vindictive and an unconscionable abuse of discretion."

We have previously concluded herein that the judgment of contempt was not valid or lawful. Additionally, we have found that the record does not support a finding of intent. In light of our disposition of appellants' first and second assignments of error and the framework of appellants' third assignment of error, appellants' third assignment of error is moot. Hence, it will not be addressed.

Appellants' fourth assignment of error:

"The trial court violated the constitutional rights of the defendants-appellants in failing to enforce sentence within the parameters of the Speedy Trial Act."

Appellants contend that they were denied their constitutional and statutory speedy-trial rights under the Sixth Amendment and R.C. 2945.71. Appellants' contentions lack merit.

This court has previously held: "In the exercise of the court's necessary function, contempt proceedings are not subject to the legislative strictures of R.C. 2945.71, the speedy trial statute." *State v. Khong, supra,* paragraph one of the syllabus. Thus, we reject appellants' argument based on statutory speedy-trial rights and find that it is misplaced.

Appellants next allege they were denied their constitutional rights to a speedy trial. Specifically, appellants maintain that the trial court's failure to immediately enforce its sentence prejudiced their constitutional rights.

We acknowledge that the imposition of sentence is part of the trial for the purposes of the Sixth Amendment speedy-trial guarantee. *Pollard v. United States* (1957), 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393. However, the

instant case does not involve the unconstitutional *imposition* of sentence. The instant case involved the *enforcement* of the trial court's sentence.

Appellants incorrectly rely on *Juarez–Casares v. United States* (1974), 496 F.2d 190. Therein, the Fifth Circuit Court of Appeals held that a delay of two years and seven months in sentencing a defendant violated the Sixth Amendment to the Constitution.

In the instant case the appellants pled no contest to a charge of disorderly conduct on July 17, 1990. That same day they were sentenced by the trial court to a fine of $100 plus costs, with costs suspended. The trial court's imposition of sentence on the same day in which the pleas were entered in no way violated appellants' constitutional speedy-trial rights. The fact that the sentence was not enforced prior to the October 26, 1990 contempt proceedings does not change the result.

Accordingly, appellants' fourth assignment of error is overruled.

Consistent with the foregoing, the judgment of the trial court finding the appellants in contempt for failure to pay the fine or perform community service work is reversed. The case is remanded for resentencing.

*Judgment accordingly.*

NAHRA, P.J., concurs.

KRUPANSKY, J., concurs separately.

KRUPANSKY, Judge, concurring.

I concur in the judgment of the majority but write separately since the majority fails to provide any guidance to the trial court regarding sentencing on remand. As noted by the majority, R.C. 2947.14 establishes the following procedure for satisfaction of fines in lieu of payment:

"(A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing.

" * * *

"(D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. *Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of*

*thirty dollars per day or fraction of a day. If the unpaid time is less than thirty dollars, the person shall be imprisoned one day."* (Emphasis added.)

There is no dispute in the case *sub judice* that each defendant was sentenced and ordered to pay a $100 fine following conviction by the trial court for the offense of disorderly conduct, and that each defendant refused to pay the fine despite the financial ability to do so. As a result, on remand the trial court should sentence each defendant to serve four days in jail pursuant to R.C. 2947.14(D) to satisfy the $100 fine in lieu of payment.

The four-day sentence for each defendant to satisfy the $100 fine pursuant to R.C. 2947.14(D) in lieu of payment is calculated as follows, *viz.*: (1) three days at the statutory rate of $30 per day amounts to a $90 credit, and (2) the remaining $10 of the fine is satisfied by serving one additional day of imprisonment. R.C. 2947.14(D). The majority's failure to perform these simple mathematical calculations and provide guidance to the trial court on remand does not serve the interests of judicial economy.