STATE of Ohio, Appellee,

v.

WALTON, Appellant.

[Cite as *State v. Walton* (2000), 137 Ohio App.3d 450.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990308.

Decided March 31, 2000.

*Fay Dupuis,* Cincinnati Solicitor, *Terrence Cosgrove,* City Prosecutor, and *Fanon A. Rucker,* Assistant City Prosecutor, for appellee.

*Louis F. Strigari,* Hamilton County Public Defender, and *Bruce F. Thompson,* Assistant Public Defender, for appellant.

GORMAN, Presiding Judge.

In this appeal, we determine whether an offender convicted of a misdemeanor may refuse probation and insist upon the execution of a sentence of incarceration. Defendant-appellant Darlene Walton, having entered a no-contest plea to driving without a license, a misdemeanor of the first degree, seeks to have the trial court's imposition of a two-year period of probation vacated. She argues that she has an absolute right to reject probation and to insist on serving the one-hundred-eighty-day sentence of imprisonment suspended by the court. As Ohio's statutory scheme vests authority to suspend the execution of a sentence of imprisonment in the trial court, and in lieu of imprisonment to grant probation in the interest of rehabilitation of the offender and protection of the public, Walton has no right to refuse probation. We affirm the judgment of the trial court.

On January 29, 1999, Walton was arrested by the police and charged with several traffic offenses. She was also charged with a felony, but the record is silent as to the date of its commission. In common pleas court, Walton was convicted of the felony and sentenced to an eight-month prison term. Three misdemeanor charges of driving without a license, obstructing official business, and falsification were tried in the Hamilton County Municipal Court. The state dismissed the falsification charge and Walton entered a plea of no contest to the remaining charges. The trial court found her guilty of both, and after hearing from Walton's counsel, the trial court stated:

"One, two, three, four. This will be the fifth no license offense. Okay. On the obstruction, 90 days, imposed, costs remit. On the no license—this is the part you're not going to like Mr. Thompson—180 days, suspended, fine of $200, suspended, court costs remitted and two years probation, no early release, not eligible for detail, FRA noncompliance.

"She's to pay all BMV reinstatement fees, get a license when permitted, and she's to have insurance, waive probation fees.

"The defendant is doing eight months felony time. When she's out of jail, she's to pay all reinstatement fees and get her license or she's looking at another six months from me."

Relying upon the contention that a sentence of imprisonment for a misdemeanor must be served concurrently with a sentence of imprisonment for a felony, Walton's counsel attempted to refuse the probation and to have the one-hundred-eighty–day driving-without-a-license sentence run concurrently with the eight-month felony sentence and the ninety-day obstruction sentence.

"DEFENSE COUNSEL: Your honor, I will object. We will reject probation at this time, and I ask that the defendant simply be sentenced.

"THE COURT: Thank you, sir. That's my sentence. Objection duly noted."

The trial court journalized an entry reflecting a suspension of the execution of the sentence of imprisonment for driving without a license and setting forth the two-year period of probation.

In her single assignment of error, Walton claims that the trial court erred in suspending the execution of the one-hundred-eighty–day sentence of imprisonment. She first contends that the multiple-sentence statute, R.C. 2929.41(A), mandates that a sentence of imprisonment for a misdemeanor be served concurrently with a sentence of imprisonment for a felony. Next, she claims that a convicted offender has a right to reject probation and to serve her sentence.

### The Multiple–Sentence Statute

■ Walton's interpretation of the multiple-sentence statute—that the statute requires a misdemeanor sentence to be served concurrently with a felony sentence—must fail. The statute, by its express terms, provides exceptions to her absolutist interpretation and, by its plain meaning, does not apply when an offender is not serving a sentence of imprisonment for the misdemeanor charge.

■ When determining the meaning of a statute, a court " 'should give the words of the statute their plain and ordinary meaning unless the legislative intent indicates otherwise.' " *Genaro v. Cent. Transport, Inc.* (1999), 84 Ohio St.3d 293, 300, 703 N.E.2d 782, 788, quoting *Coventry Towers, Inc. v. Strongsville* (1985), 18

Ohio St.3d 120, 122, 18 OBR 151, 152, 480 N.E.2d 412, 414; see R.C. 1.42. The multiple-sentence statute reads, in pertinent part:

"(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be *served* concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be *served* concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.

"(B)(1) A sentence of imprisonment for a misdemeanor shall be *served* consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code." (Emphasis added.)

While R.C. 2929.41(A) does provide that incarceration for misdemeanor violations shall run concurrently with a felony sentence, by its own terms the subsection applies only when two or more sentences "of imprisonment" are actually being "served." If a sentence of imprisonment is being served, it must be served in conformity with the multiple-sentence statute. As the 1974 committee comment to the multiple-sentence statute states, "[T]his section provides rules for determining when sentences are to be served concurrently or consecutively." If, however, an offender is not serving a sentence that includes imprisonment, the statute has no direct application to that sentence. An offender on probation is not *serving* a sentence of imprisonment. Rather, when a trial court grants probation, it "suspend[s] a sentence of imprisonment imposed upon an offender for a misdemeanor." R.C. 2951.02(A)(1). The offender is free to live in her home and is required only to fulfill the terms and conditions of probation while she is not imprisoned. "Imprisonment" is defined, in R.C. 1.05, as imprisonment in a jail or a state correctional institution, or as "serving a term" in a community-based correctional facility, halfway house, or an alternative residential facility. There is nothing particularly onerous about the terms of probation ordered by the trial court in this case. They do not ask Walton to surrender any civil rights or liberties in exchange for probation, and they are fully in compliance with the purposes of probation identified in case law and in statute.

Moreover, Walton's argument that the statute bars anything but concurrent sentences is undercut by subdivision (B)(1), which provides that if the sentencing court specifies on the record, a misdemeanor sentence of imprisonment may be consecutive to any other sentence of imprisonment. See R.C. 2929.41(B)(1).

As the plain meaning of the multiple-sentence statute does not mandate that a misdemeanor sentence be served concurrently, there is no statutory basis for

Walton's claim that the trial court failed to comply with the multiple-sentence statute.

## No Right to Refuse Probation

In her constitutional challenge, Walton asserts that she has a right to refuse probation, guaranteed by the Fourteenth Amendment to the United States Constitution and Section 1, Article I, Ohio Constitution. Her argument is presented entirely in one paragraph:

"Both the United States Constitution (Amendment Fourteen) and the Ohio Constitution (Article I, Section 1) guarantee the citizenry the right to life, liberty, and under the Ohio Constitution the right to seek and obtain happiness. Any denial of these rights require[s] due process of law. In this case the Court denied the defendant due process of law and, thus liberty and pursuit of happiness, by placing her on probation against her desire and denying her equal protection of Section 2929.41(A) O.R.C. A citizen has a constitutional right to pursue liberty and happiness by serving her sentence and then getting on with her life, without court restrictions unless she violates the law anew. Thus it is improper for the court to force a defendant, against her will, to violate probation in order that she may be allowed to serve her sentence. The Ohio and U.S. Constitutions grant the defendant the right to reject probation in the pursuit of liberty and happiness. Therefore, placing a defendant on probation against her will is a violation of the Ohio and United States Constitution[s]." Appellant's Brief at 6.[1]

We are perplexed about what Walton is arguing. Her constitutional claims are without citation to authority beyond the federal and Ohio Constitutions.[2] She has not identified any decision of the United States or the Ohio Supreme Court that holds that a convicted offender has a right to refuse probation, nor has she given any reason to recognize that "right" as flowing from the text of the documents. Without more, we are not prepared to recognize a constitutionally based right to refuse probation.

We do not understand this to be an attack on the constitutionality of the statutory mandates of R.C. 2929.41. Walton received the full measure of her procedural and substantive due-process rights when she appeared before the Hamilton County Municipal Court, entered a plea, and was found guilty. By virtue of "suffering the onus of criminal conviction," Walton has forgone an unfettered exercise of her right to liberty. *Jackson v. Virginia* (1979), 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571–572; see, generally, *State v.*

---

1. The state has chosen not to address Walton's constitutional argument in its brief.

2. The federal and state constitutional guarantees Walton identifies are co-extensive. See *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926, 929.

*Golston* (1994), 71 Ohio St.3d 224, 227, 643 N.E.2d 109, 111 (discussing collateral disabilities for one convicted of a crime). Her conviction for a first-degree misdemeanor permitted the trial court immediately to restrain her liberty for a period of one hundred eighty days. R.C. 2929.21(A) and 2929.21(B)(1). Neither has she described how her dilemma results from the unequal application of a statutory classification—the essence of an equal-protection argument. See *State v. Lance* (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282, and C–970283, unreported, 1998 WL 57359.

Rather, Walton seems to claim that the trial court's decision to suspend the execution of her sentence of imprisonment itself deprived her of the protection of the multiple-sentence statute and was thus contrary to law,[3] or that she has a right under the Ohio sentencing scheme to refuse probation. As we have already noted, the sentence entered by the trial court—suspending the execution of the one-hundred-eighty–day term of imprisonment—was not proscribed by the multiple-sentence statute.

While the Ohio Supreme Court has not spoken on this issue, a number of federal courts, state courts, and legislatures have addressed whether a convicted offender has a right to refuse probation. See Annotation, *Right of Convicted Defendant to Refuse Probation* (1984), 28 A.L.R.4th 736; see, also, Cohen, The Law of Probation and Parole (1999), Section 7:28.

Those jurisdictions that recognize a right of refusal predicate that right upon the need to reject conditions of probation that the offender perceives as more onerous than the sentence of incarceration, see, *e.g., State v. Sutherlin* (Minn. App.1983), 341 N.W.2d 303, 305–306; *Bell v. Missouri* (Mo.App.1999), 996 S.W.2d 739, or upon the need to provide a check for the court's wide discretion. See, *e.g., People v. Brown* (1987), 191 Cal.App.3d 761, 236 Cal.Rptr. 506; *People v. Frank* (1949), 94 Cal.App.2d 740, 211 P.2d 350. None recognizes a right conferred by the federal or a state constitution.

Many jurisdictions do not recognize an offender's right to refuse probation. Their statutory schemes vest the power to impose sentence and to grant probation exclusively in the trial court subject only to appellate review and legislative amendment. See, *e.g., State v. Estep* (Tenn.Crim.App.1992), 854 S.W.2d 124, 127; *Commonwealth v. Christian* (1999), 46 Mass.App.Ct. 477, 481,

---

**3.** Walton's argument presupposes that she will be unable to comply with the terms of her probation and will ultimately serve the one-hundred-eighty–day sentence of imprisonment after a finding that she violated probation. This argument is speculative and is not presented in the record certified for review. Even if this speculation were to eventuate in fact, it would be difficult for Walton to demonstrate prejudice. The court, by complying with R.C. 2929.41(B)(1), would have authority to order Walton to serve the challenged term of imprisonment consecutively to the eight-month felony sentence in any event.

707 N.E.2d 381, 384–385; see, also, *State v. Bartholomew* (1990), 101 Ore.App. 243, 789 P.2d 20, fn. 1 (noting that the Oregon legislature had effectively overruled a prior court decision by enacting a statute to permit a trial court to place a defendant on probation notwithstanding his objection). Other states note that a sentence is not in the nature of a quasi-contract that an offender is free to accept or to reject. See, *e.g., State v. Lynch* (1986), 223 Neb. 849, 394 N.W.2d 651; *Yates v. State* (Wyo.1990), 792 P.2d 187.

In *United States v. Thomas* (C.A.7, 1991), 934 F.2d 840, the United States Court of Appeals for the Seventh Circuit reviewed the federal case law and found no constitutional or statutory impediment to rejecting a tax protestor's assertion that he had an absolute right to reject the probation element of his sentence. As the federal probation statute, Section 3651, Title 18, U.S.Code, vests discretion in the district court to suspend the execution of sentence and to place an offender on probation, and as appellate review and legislative enactment provide adequate checks on the district court's discretion, the Seventh Circuit found no need to recognize a right to refuse probation. *United States v. Thomas*, 934 F.2d at 845. It also noted that, "in contrast to Thomas's inability to establish that his probation is more onerous than its alternatives, it is beyond cavil that society's interest in seeing Thomas comply with the income tax laws would suffer if he were allowed to reject probation." *Id.*

Neither party has cited the two reported decisions in Ohio that address this issue. In *Lima v. Beer* (1950), 90 Ohio App. 524, 528, 48 O.O. 188, 190, 107 N.E.2d 253, 255, the Third District Court of Appeals, in interpreting the precursor to R.C. 2951.02, noted, in *obiter dictum,* that the "suspension of [a thirty-day] sentence [of imprisonment] is valid and binding upon the defendant, whether made with or without his consent."

In *Cleveland v. Anderson* (1992), 82 Ohio App.3d 63, 611 N.E.2d 439, the Eighth District Court of Appeals held that a trial court had abused its discretion in ordering offenders to perform community service as a condition of probation in lieu of imprisonment, since former R.C. 2951.02(H) provided that community service could not be ordered "unless the offender agree[d] to perform the * * * work offered as a condition of probation by the court." The choice to refuse to perform supervised community work is now given only to misdemeanor offenders and is embodied in R.C. 2951.02(F)(1).[4] One commentator has explained this requirement for offender agreement as flowing from the legislature's concern that "an unwilling defendant * * * will cause unnecessary problems for the community agency" supervising the work. Cohen, The Law of Probation and

---

4. The agreement of felony offenders is not required for community service. See R.C. 2951.02(F)(2).

Parole, Section 7:28. Nowhere in R.C. 2951.02(F), however, is an offender given the opportunity to reject probation *in toto*.

Guided by the experience of other jurisdictions, the commentators, and the decisions of other Ohio appellate courts, we now hold that a misdemeanor offender has no right to refuse probation and to demand to serve her sentence of imprisonment.

Ohio does not recognize an inherent right to probation. Since 1908, when the first probation statute was enacted, probation has existed only by operation of statute. See 99 Ohio Laws 339. The authority to sentence a defendant who stands convicted of a crime rests in the trial court, as does the power to suspend a sentence of imprisonment by "special statutory procedure." *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 199. A trial court may suspend execution of a sentence of imprisonment only as authorized by statute. *State v. Smith*, paragraph one of the syllabus. As the authorities have stated, "Probation is a matter of grace, and not a matter of right." *Thomas v. Maxwell* (1963), 175 Ohio St. 233, 235, 193 N.E.2d 150, 152; see *State ex rel. Dallman v. Hardin Cty. Court of Common Pleas* (1972), 32 Ohio App.2d 102, 61 O.O.2d 97, 288 N.E.2d 303.

Under Ohio law, the granting of probation is committed to the sound discretion of the trial court. See R.C. 2951.02(A). That discretion is guided by balancing considerations of public safety with the rehabilitation of the convicted offender. See R.C. 2951.02. In Ohio, as in *Thomas*, there are checks on the court's discretion: the General Assembly's power to craft legislation circumscribing the court's discretion, as in cases of community service, and the power of appellate review. There is no need to give an offender "an additional, and unfettered, check on the * * * court's authority." *United States v. Thomas*, 934 F.2d at 845. Where a statutory scheme vests authority to impose sentence and to suspend the execution of sentence solely in the trial court, subject only to appellate review and legislative amendment, an offender has no right to refuse probation.

Nothing in this decision should be construed to limit a trial court's ability, in exercising its discretion to impose an effective sentence, to choose to accept an offender's request that sentence be imposed in lieu of probation.

The assignment of error is overruled. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

458

WINKLER, J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

The legal analysis of the majority opinion is too technical. We need to look at what happens in the real world. If the judge had given the defendant the maximum possible sentence for her misdemeanor, it would have been served with the felony. No one disputes this result. But by "suspending" the sentence and possibly imposing it later, the court has frustrated the intent of the legislature.

There should be some finality to punishment—holding a misdemeanor sentence over the head of a defendant sent to the pen simply perpetuates court involvement. This result is exactly what the legislature sought to avoid. I would hold that no "suspended" misdemeanor sentence can survive an offender's prison term for a felony. That holding would make moot the issue of the "right" to refuse probation.