[Cite as *State v. Moss*, 2022-Ohio-1771.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210288 |
| | | C-210289 |
| Plaintiff-Appellee, | : | C-210290 |
| | | C-210291 |
| vs. | : | C-210292 |
| | | C-210293 |
| ANTHONY MOSS, | : | TRIAL NOS. 19CRB-7328A |
| | | 19CRB-7328C |
| Defendant-Appellant. | : | 19CRB-7328D |
| | | 19CRB-7328E |
| | : | 19CRB-7328G |
| | | 19CRB-7328H |
| | : | |
| | : | *O P I N I O N.* |
| | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: May 27, 2022

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Rebecca Barnett*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Wendy R. Calaway* and *Wendy R. Calaway* and *Jackson Law Office* and *Kory A. Jackson,* for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} After entering no-contest pleas, Anthony Moss was found guilty of seven misdemeanor offenses in the Hamilton County Municipal Court. At the time of sentencing, Moss was not serving a felony sentence, but he argued that the trial court should order the misdemeanor sentences to be served "concurrently" with a felony sentence he had previously served in a related case prosecuted in the Hamilton County Court of Common Pleas. The trial court imposed 60-day jail terms for each conviction, with credit for 11 days, and ordered those seven jail terms be served concurrently. Moss appealed from six of the convictions, challenging only the sentences imposed. We consolidated those appeals, and upon our review we affirm.

## I. Facts and Procedural History

{¶2} The record demonstrates that on March 27, 2019, Moss was arrested and charged with multiple offenses in several cases. The charges included obstructing official business, resisting arrest, aggravated menacing involving Cincinnati police officers, criminal damaging, driving under a license suspension, carrying concealed weapons, having weapons under a disability, and harassment with a bodily substance.

{¶3} Moss was appointed counsel, who indicated at a probable cause hearing that Moss was under a parole holder. The cases were continued on the arraignment docket in Hamilton County until April 8, 2019, to await the grand jury report. Though bond had been initially set at $5000 for each charge, the judge subsequently raised the bond amount for two of the felony charges.

{¶4} After the grand jury reported, some of the charges became the felony case numbered B-1901628 ("the felony case") that was prosecuted in the Hamilton County Court of Common Pleas. At the election of the defense, the remaining

2

misdemeanor charges were placed on the Hamilton County Municipal Court's suspended docket and initially continued for about two and one-half months. Those remaining misdemeanor charges included the obstructing official business, resisting arrest, and aggravated menacing of police officers set forth in the case numbered 19CRB-7326[1] ("the misdemeanor case") and at issue in this appeal. The charge of driving under a suspended license was set forth in a separate case ("the traffic case").

{¶5} Because these cases were placed on the suspended docket, the bond amounts for the underlying charges retained by the municipal court were changed to no-cost bail, or a recognizance bond ("OR bond"), consistent with Hamilton County Municipal Court Local Rule 7.04. Also, as contemplated by the rule, the case was continued on the suspended docket at the request of defense counsel while the felony case proceeded in the Court of Common Pleas.

{¶6} At some point that is unascertainable from our record, Moss was convicted and ordered to serve a prison sentence in the felony case. On February 13, 2020, defense counsel moved for acceleration of the misdemeanor case and indicated the felony case was "still pending." The following day, Moss entered not guilty pleas in the misdemeanor case, but our record does not contain a transcript of proceedings from that arraignment hearing.

{¶7} On February 18, 2020, the defense filed the first of many speedy-trial-time waivers on Moss's behalf. That document was not signed by appointed counsel but by a different attorney, one retained by Moss.

---

[1] One aggravated menacing charge was dismissed for want of prosecution because the officer-prosecuting witness was no longer employed by the Cincinnati Police Department.

{¶8} On April 5, 2021, after a series of continuances mostly at Moss's request, Moss appeared in court for a jury trial on the charges contained in the misdemeanor and traffic cases. Moss questioned why those cases where not resolved earlier, during his lengthy confinement in the Hamilton County Justice Center before serving his felony prison sentence, a sentence that he had already completed.

{¶9} Moss ultimately changed his not guilty pleas in the misdemeanor and traffic cases to no-contest pleas. The trial court accepted his pleas and proceeded to sentencing in both the misdemeanor and traffic cases.

{¶10} At the sentencing hearing, retained counsel confirmed that Moss was not currently incarcerated, having been released from prison in August 2020 after serving "eleven months of a twelve month" sentence in the related felony case. Retained counsel, however, urged the court to consider that if Moss had been sentenced at the same time as the felony case, Moss would have benefited from the general rule, set forth in R.C. 2929.41(A), that courts shall order misdemeanor sentences to be served concurrently with felony sentences. Thus, counsel argued against the imposition of any "additional" time.

{¶11} In response, the assistant prosecutor argued that Moss lost the benefit of R.C. 2929.41(A) because he had already served his felony sentence. And the assistant prosecutor explained that R.C. 2929.41(A) does not shorten misdemeanor sentences to the length of shorter felony sentences. Noting, consistent with R.C. 2929.41(B), that a court could impose an aggregate term for misdemeanor offenses of up to 18 months, and that Moss's violent conduct underlying the misdemeanor convictions warranted the imposition of incarceration, the state argued for the imposition of jail time.

4

{¶12} After consideration of these arguments, the trial court imposed 60-day jail terms for each conviction, to be served concurrently with each other, and remitted most fees and costs. The court also afforded Moss credit for 11 days, which corresponds to the number of days he was held in the Hamilton County Justice Center before his bond was reduced to an OR bond. The court then stayed Moss's sentences.

## II. Analysis

{¶13} In three assignments of error, Moss challenges the sentences in the misdemeanor case on the ground that they were not ordered to be served "concurrently" with his previously served felony-case sentence. According to Moss, his sentences contravened the sentencing statute R.C. 2929.41(A). Alternatively, he raises ineffective-assistance-of-counsel and due-process claims.

## A. Concurrent Sentences Are Served At the Same Time

{¶14} In his first assignment of error, Moss argues the trial court exceeded its statutory authority when it imposed a sentence of incarceration for misdemeanors in contravention of R.C. 2929.41(A). In relevant part, this statute provides that "a jail term or sentence of imprisonment for [a] misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for [a] felony served in a state or federal correctional institution," with an exception not applicable here.

{¶15} The trial court interpreted R.C. 2929.41(A) to expressly apply only to sentences that could operate at the same time. The trial court's interpretation coincided with the interpretation of the statute advanced by defense counsel on behalf of Moss at the sentencing hearing. Moss now advances an interpretation that would require a trial court to merge a misdemeanor sentence into a previously-served related felony sentence.

5

**{¶16}** We review the trial court's statutory interpretation de novo. *See, e.g.*, *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 5 (1st Dist.) ("Questions of statutory interpretation are reviewed de novo.").

**{¶17}** Our role in cases of statutory construction is to determine legislative intent by looking to the language of the statute and the purpose to be accomplished by the statute. *See State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 37-38, citing *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. When the statute's meaning is clear and unambiguous, we apply the statute as written. *Id.*

**{¶18}** We first note that if the trial court erred in its interpretation of R.C. 2929.41(A), Moss invited the error, an event that ordinarily precludes relief on appeal. *See, e.g., State v. Curry*, 1st Dist. Hamilton No. C-210274, 2022-Ohio-627, ¶ 15 (Where a defendant concedes an issue in the lower court, the invited-error doctrine precludes revival of the abandoned argument on appeal.). Moreover, we find no error in the trial court's interpretation of R.C. 2929.41(A).

**{¶19}** This court has expressly determined that the challenged subsection only applies "when two or more sentences 'of imprisonment' are actually being 'served.' " *State v. Walton*, 137 Ohio App.3d 450, 453, 738 N.E.2d 1258 (1st Dist. 2000); *State v. McGurk*, 6th Dist. Lucas No. L-95-207, 1996 Ohio App. LEXIS 1666, *4 (Apr. 26, 1996) (R.C. 2929.41(A) does not "mandate that a misdemeanor sentence must be served concurrently with a felony sentence that has already been completed.").

**{¶20}** This reading of the statute is consistent with the dictionary definition of concurrent sentences. "Concurrent" means "operating at the same time" and

"concurrent sentences" are "served simultaneously." *See Black's Law Dictionary* 309, 1393 (8th Ed.2004) (defining "concurrent" and "concurrent sentences").

**{¶21}** In support of his current interpretation of R.C. 2929.41(A), Moss cites *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553. In that case, the Ohio Supreme Court resolved a conflict between the appellate districts on whether R.C. 2929.41(A) created a more specific rule that restricted the broad interpretation some districts had afforded to R.C. 2929.41(B), an interpretation that allowed for consecutive misdemeanor and felony sentences. *See id.* at ¶ 1.

**{¶22}** The *Polus* court held that R.C. 2929.41(A) does create a more specific rule. *Id.* at ¶ 10. Thus, the court affirmed the appellate court's judgment reversing the trial court's judgment imposing at the same sentencing hearing felony and misdemeanor terms of incarceration that were to be served consecutively. *Id.* at ¶ 4 and 13.

**{¶23}** As *Polus* clarified, the challenged portion of R.C. 2929.41(A) requires a sentencing court to impose concurrent sentences for felony and misdemeanor convictions, absent the specified exception. *See Polus* at ¶ 10-12. This allows defendants to serve each day a portion of each sentence of incarceration. But the *Polus* court did not speak on the issue of whether R.C. 2929.41(A) applies when two sentences cannot be served concurrently because they do not overlap.

**{¶24}** For a court in a later proceeding to impose a misdemeanor sentence concurrent to a previously imposed "prison term or sentence of imprisonment in a state or federal correctional institution" for a felony, there must be an unsatisfied portion of the felony sentence to overlap with the misdemeanor sentence. If there is no overlap, the defendant cannot serve the misdemeanor sentence concurrently with

7

the felony sentence. *See Bobo v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-118, 2011-Ohio-4984, ¶ 13, cited in *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 9.

**{¶25}** Here, Moss completed the prison term imposed in the felony case before he was sentenced to imprisonment for misdemeanors in this case. Therefore, the felony and misdemeanor sentences could not be concurrently served and the limitation in R.C. 2929.41(A) could not apply. Consequently, we conclude that the limitation on the trial court's sentencing authority set forth in R.C. 2929.41(A) was not exceeded in this case. Accordingly, we overrule the first assignment of error.

## B. Ineffective-Assistance-of-Counsel Claim Based on Lack of Diligence Requires a Showing of Prejudice

**{¶26}** In his second assignment of error, Moss contends he was denied his constitutional right to the effective assistance of counsel. To prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶27}** Moss's argument relates only to appointed counsel, and not retained counsel, who also represents Moss on appeal. Moss specifies that appointed counsel had not functioned as the counsel guaranteed under the federal and state constitutions when counsel failed to have the misdemeanor case removed from the suspended docket before he was transported from the Hamilton County Justice Center to serve his felony sentence in a prison. He concludes that "where [appointed] counsel abandons a case before it is completed and the defendant suffers additional

8

incarceration time as a result, such representation falls below the constitutionally mandated guarantees in the Sixth Amendment." Moss contends that he should not be required to prove prejudice under these facts. Alternatively, he contends the "additional incarceration time" demonstrates the requisite prejudice. We choose to begin our analysis of Moss's claim by examining these prejudice arguments. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 51 (2000) (A defendant's failure to satisfy one prong of the Strickland test obviates a court's need to consider the other prong.).

{¶28} In *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the companion case to *Strickland*, the United States Supreme Court recognized there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."

{¶29} The *Cronic* exception is a narrow one. The exception is limited to where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," *Cronic* at 659, where "counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding," *id*. at fn. 25, or where an accused is denied "the right of effective cross-examination" of a witness. *Id*. at 659. "Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability" of the result. *Id*. at fn. 26; *State v. Pippin*, 1st Dist. Hamilton No. C-060929, 2007-Ohio-5974, ¶ 13.

{¶30} Moss argues appointed counsel's representation triggered the *Cronic* exception because appointed counsel left him without representation and failed to take any action to protect Moss's eligibility to benefit from R.C. 2929.41(A). In support of

9

his argument, however, Moss relies on documents and transcripts that are not part of this record. To the extent that Moss's claim requires proof that exists outside the trial court's record, we cannot consider it. *See State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶31} Our review of the record indicates that appointed counsel successfully moved the case from the suspended docket on February 13, 2020, when Moss's felony case was "still pending." Although appointed counsel did not formally withdraw from representation, Moss became represented by retained counsel shortly after that date and remained represented by retained counsel through the date of the misdemeanor sentencing hearing. The record does not indicate on what date Moss was transferred from the Hamilton County Justice Center to begin serving his felony sentence, but it does show that retained counsel represented Moss long before Moss completed his felony sentence. These facts do not present the circumstances contemplated in *Cronic*, involving the actual or constructive denial of counsel, but instead suggest a lack of diligent representation. *See Pippin* at ¶ 17-18 (rejecting claim of actual or constructive denial of counsel). Accordingly, Moss must satisfy the prejudice prong of the *Strickland* test for this court to set aside his misdemeanor sentences.

{¶32} To establish prejudice, a defendant must demonstrate that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus, cited in *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 10. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id*. at 142, quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

10

{¶33} In the context of this case, to prevail on his ineffective-assistance-of-counsel claim, Moss must demonstrate a likelihood that he otherwise would not have to serve an "additional" sentence of incarceration but for appointed counsel's deficient performance. Moss cannot meet this burden for two reasons.

{¶34} First, Moss's claim of prejudice is based on his current assertion that he "served an 18-month prison sentence" in the felony case. He implies that because any sentence imposed in the misdemeanor case would be capped at 18 months in jail, by virtue of R.C. 2929.41(B), that misdemeanor sentence would be necessarily satisfied at the completion of his felony sentence.

{¶35} Moss's current position is based on evidence outside this record and is not supported by the information in the record. Moss and counsel represented at the sentencing hearing that Moss served "11 months of a 12 month sentence" in the felony case after being held in the justice center after his arrest in March 2019. Moss did not provide the trial court with the records from the felony case. And Moss's argument fails to address the fact that Moss undisputedly was not held on a money bond in the misdemeanor case after April 8, 2019.

{¶36} Our analysis is hampered by these deficiencies. As the assistant prosecutor emphasized at Moss's sentencing hearing, R.C. 2929.41(B) allows trial courts to impose misdemeanor jail terms up to an aggregate limit of 18 months. This aggregate limit is unaffected by the mandate of R.C. 2929.41(A) involving concurrent sentencing. In other words, R.C. 2929.41(A) does not shorten misdemeanor sentences to the length of a shorter felony sentence.

{¶37} Whenever the court sentenced Moss, it could have imposed an aggregate 18-month sentence in the misdemeanor case, which would have only

partially overlapped with the "11 months of a 12 month sentence" Moss said he served in the felony case. R.C. 2929.41(A) does not merge or extinguish a misdemeanor sentence upon completion of a concurrent felony sentence. *See State v. Schoonover*, 3d Dist. Hancock Nos. 5-93-24, 5-93-25 and 5-93-26, 1993 Ohio App. LEXIS 6154 (Dec. 1, 1993). Thus, Moss would have been required to serve the remaining time locally.

{¶38} Admittedly, the trial court only imposed an aggregate 60-day sentence for the misdemeanor convictions, a term that would have overlapped the felony sentence had Moss been sentenced in the misdemeanor case at an earlier time. This scenario, however, assumes the trial court would have only imposed 60-day concurrent sentences in the misdemeanor case when sentencing Moss on that earlier date. We are unable to make that assumption on this record.

{¶39} Our reading of the sentencing transcript indicates that the trial court determined that due to the severity of the misdemeanor offenses the aggregate misdemeanor sentence should have exceeded the 12-month felony sentence Moss said he received. The underlying facts supporting the misdemeanor convictions show that Moss physically resisted arrest and then threatened to shoot several officers upon his release from jail. The assistant prosecutor argued these facts warranted a long sentence, the balance of which Moss would have had to serve upon the completion of his less-than-18-month-felony sentence.

{¶40} Ultimately, based on the record before us, we are not convinced that Moss would serve any less time for his misdemeanor convictions even if he had been sentenced in the misdemeanor case before he was transferred to prison and began serving his felony sentence. Thus, Moss has failed to demonstrate a reasonable

probability that the outcome of this case would have been different but for the alleged deficient performance by appointed counsel.

{¶41} The second reason Moss fails to make the requisite showing of prejudice relates to the 60-day jail sentence that the trial court imposed in the traffic case, to be served concurrently with the 60-day jail sentences in the misdemeanor case. Moss does not challenge the traffic-case sentence in this appeal. Thus, Moss will have to serve 60 days of "additional time" regardless of any alleged deficient performance by appointed counsel in the misdemeanor case.

{¶42} Consequently, we are unable to conclude that appointed counsel's performance with respect the misdemeanor sentences, even if deficient, resulted in the type of prejudice necessary to satisfy the prejudice prong of the *Strickland* test. Accordingly, we overrule the second assignment of error.

### C. Misdemeanor Sentencing Review

{¶43} Finally, in his third assignment of error, Moss argues the sentences imposed in this case violate his constitutional rights to due process of law and fundamental fairness. Specifically, Moss asserts that the trial court's imposition of "separate sentences of incarceration" for felony and misdemeanor cases violates the purpose and intent of R.C. 2929.41(A) and frustrates the purpose of misdemeanor sentencing and the local rule governing the suspended docket.

{¶44} Moss did not raise a constitutional argument in the trial court, and he actually acknowledged that the trial court could impose "additional time" for the misdemeanor convictions. Thus, Moss waived his constitutional argument. Nonetheless, Moss did argue at the sentencing hearing that the imposition of a jail sentence would be inappropriate in light of the purposes of misdemeanor sentencing

and the policy behind R.C. 2929.41(A). We address the third assignment of error to the extent that Moss maintains this position.

{¶45} This court reviews the imposition of a misdemeanor sentence for an abuse of discretion. *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.), cited in *State v. Femuels*, 1st Dist. Hamilton No. C-190486, 2020-Ohio-2926, ¶ 34.

{¶46} In this case, the trial court, when sentencing Moss, was required to consider the overriding purposes and principles of misdemeanor sentencing, as set forth in R.C. 2929.21 and 2929.22, including the prohibition on unnecessarily burdening local government resources. Nothing in the record demonstrates that the trial court failed to consider these purposes and principles. Moreover, the judge's comments at sentencing indicate the court did consider these and other sentencing statutes, and the policy behind R.C. 2929.41(A) and the suspended docket, when fashioning Moss's sentences for the violent misdemeanors.

{¶47} Further, by virtue of Moss's convictions, the trial court was permitted to impose jail sentences of up to 180 days for each of the four first-degree-misdemeanor offenses, and up to 90 days for each of the two second-degree-misdemeanor offenses, with an aggregate period not to exceed 18 months. *See* R.C. 2929.24(A)(1) and (2); R.C. 2929.41(B). The sentences imposed, individually and in the aggregate, did not exceed these limits.

{¶48} Finally, Moss does not identify anything presented at the time of sentencing that the trial court failed to consider. Based upon this record, Moss has failed to demonstrate the trial court abused its discretion when it sentenced him to

concurrent 60-day jail terms with credit for 11 days. Thus, we overrule the third assignment of error.

### III. Conclusion

**{¶49}** We find no error prejudicial to Moss in the proceedings below. Consequently, we affirm the judgments of the trial court.

Judgments affirmed.

**MYERS, P. J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion