THE STATE OF OHIO, APPELLEE, *v.* WARD, APPELLANT.

(No. CA83-10-112—Decided
May 31, 1984.)

*Mr. Gerald Pater,* prosecuting attorney, for appellee.

*Messrs. Holbrock, Jonson, Bressler & Houser* and *Mr. Michael D. Shanks,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton Municipal Court of Butler County, Ohio.

Defendant-appellant, George T. Ward, was charged with driving under the influence of alcohol contrary to R.C. 4511.19(A)(1). He entered a plea of no contest, was found guilty, was sentenced to sixty days in jail (fifty-seven days of which were suspended), fined $150 and costs, and received a sixty-day suspension of his driving privileges, ex-cept for limited purposes. Defendant served three days in jail following his arrest, prior to his release on bond. He contends that pursuant to R.C. 2949.08 he should be given credit on his sentence for the time served while awaiting bond and his sole assignment of error is that the trial court denied this credit.

R.C. 2949.08 provides that upon conviction of a misdemeanor, a defendant who is sentenced to jail should be delivered to the custody of the jailer in whose custody he shall remain until the time of his imprisonment expires. R.C. 2949.08 further provides, in pertinent part, as follows:

"(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which he was convicted and sentenced prior to delivery to the jailer or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

"(C) The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where he is to serve his sentence."

In view of the foregoing, it is obvious that the trial court has the duty to certify to the jailer the number of days defendant was confined while awaiting bail. Furthermore, it is equally apparent that the jailer must give defendant credit for that time in determining the date of release from confinement following conviction.

A review of the record discloses that the trial court specified on a work sheet that defendant was not to be given credit for the three days served while awaiting bail, but the entry filed in the trial court provides that the court "does impose a fine of $150 and court costs, and imposes 60 days in jail, three days to be served consecutively, and suspends driver's license for 60 days except to and from hospital only." Thus, the entry failed to make any mention of the three days in question. Nevertheless, defendant, in his brief, asserts that the trial judge acknowledged in a pretrial conference that it was his opinion that defendant could not receive credit against his mandatory three-day sentence for time spent in confinement prior to his release on bail; and the brief of the state of Ohio acknowledges that the trial court did not give defendant any such credit.

On the basis of the record before us, we must affirm the judgment of the trial court as there is nothing in the record to indicate that the trial judge interpreted R.C. 4511.99(A)(1) to require three consecutive days of confinement upon conviction for a violation of R.C. 4511.19, regardless of the number of days spent in confinement awaiting bail.

Furthermore, since we understand R.C. 2949.08(B) to apply upon the conviction, sentence, and transmission of defendant to the care of the jailer, it is the duty of the trial court simultaneously therewith, to certify to the jailer the number of days which defendant spent in confinement awaiting bail. Then, pursuant to R.C. 2949.08(C), the jailer must credit the sentence of the trial court with that number of days, which in ef-

fect provides that defendant must be released immediately if his sentence is for three days of incarceration and he has previously been incarcerated for a period of three days on the same charge while awaiting bond. Thus, this appeal is premature for the reason that the commitment has not been issued, the number of days of prior confinement has not been certified to the jailer and the jailer has not had the opportunity to credit defendant with those days.

Although the appeal is premature, for purposes of judicial expediency, and in order to avoid the timely filing of another appeal in this case, we wish to point out that we find nothing in R.C. 4511.99 which prohibits the application of the credit specified in R.C. 2949.08 to the mandatory three-day consecutive term of confinement for a violation of R.C. 4511.19. Therefore, if it is the intention of the trial court to require a defendant to serve three days in addition to time served prior to conviction, the trial court must sentence defendant to three days in addition to the period of confinement prior to conviction, after which the custodian shall give the proper credit.

Therefore, the assignment of error is not well-taken because it is premature.

It is the order of this court that the judgment appealed from be, and the cause hereby is, affirmed and remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.