CITY OF NORTH OLMSTED, Appellee,

v.

CIPITI, Appellant.

[Cite as *N. Olmsted v. Cipiti* (1996), 114 Ohio App.3d 549.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 69706 and 69810.

Decided Sept. 9, 1996.

**550**

[redacted]

*Donald P. Albenze,* for appellee.

*George Wm. Joseph, Jr.,* for appellant.

DYKE, Judge.

Appellant, Salvatore Cipiti, was indicted on one charge of domestic violence, which stemmed from an incident involving his father. This charge was later dismissed. A count of aggravated menacing was brought against appellant arising from the same incident. On October 13, 1995, the jury returned a verdict of guilty to the lesser included offense of menacing. The municipal court judge sentenced appellant to a fine of $250 plus costs and thirty days, suspended on

condition of one year of active probation. Appellant filed a motion for a stay of execution of sentence pending appeal, which was granted. Appellant appeals from his conviction and sentence, asserting five assignments of error.

## I

"In the domestic violence case, the trial court erred in not granting defendant's motion to dismiss filed on the ground that he had not been brought to trial within the time limit prescribed in R.C. 2945.71."

## II

"The trial court erred by not giving the defendant all the days he was entitled to in determining whether the requirements of 2945.71, the speedy trial statute, were met."

## III

"Defendant was denied his right to effective counsel."

Each of the first three assignments of error relates to appellant's initial domestic violence charge. Because this charge was dismissed prior to trial, any error which may have occurred is harmless, causing no prejudice to appellant. Assignments of error one, two and three are overruled.

## IV

"In the aggravated menacing case, the trial court erred in not granting defendant's motion to dismiss filed on the ground that he had not been brought to trial within the time limit prescribed in R.C. 2945.71."

Appellant argues that more than ninety days elapsed before he was brought to trial on the charge of aggravated menacing, and therefore that the trial court should have granted his motion to dismiss on speedy trial grounds. Appellant's argument is not well taken.

The dates relevant to a determination of the speedy trial issue are as follows:

August 14, 1995: Appellant's arrest on domestic violence charge.

August 14–16: Continuance granted at appellant's request to appear with retained counsel.

August 16: Appellant in court with counsel, Michael Peterson. Trial date set for September 13. Court reduced bond and set as a condition of bond that appellant make an appointment to see a mental health professional.

August 21: Pretrial. Appellant fired Peterson as counsel. Court appointed Marcella Krause.

August 25: Appellant entered plea of not guilty and trial date set for September 18.

August 31: Journal entry: Court referred appellant to Dr. Antone Feo.

September 12: Journal entry: Oral hearing held on appellant's refusal to speak with Dr. Feo. September 13 trial date continued. Appellant in contempt for failure to cooperate with court's order to undergo competency evaluation.

September 19: Appellant represented by George Joseph. Pleads not guilty to aggravated menacing.

September 21: Motion to dismiss on speedy trial grounds filed.

September 27: Appellant continues to refuse to cooperate with court's order.

October 5: Hearing on motions to dismiss on speedy trial grounds.

October 6: Journal entry: motions to dismiss overruled.

October 12: Appellant agrees to comply with order to undergo evaluation.

October 13: State dismisses domestic violence charge. Jury returns verdict of guilty on lesser included offense of menacing.

Appellant is entitled to a speedy trial under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Aggravated menacing is a misdemeanor of the first degree. R.C. 2903.21. The speedy trial statute requires that the state bring appellant to trial within ninety days for a first degree misdemeanor charge. R.C. 2945.71(B)(2).

▮▮▮ Appellant set forth a prima facie case by asserting that more than ninety days had passed between his initial arrest and trial. The burden then shifted to the state to show what time was tolled during this period so as to extend the speedy trial time limitation. *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368. Any extension of the time must have been specifically documented through timely journal entries as to the reason for the continuance and as to which party the continuance was chargeable. *State v. Collura* (1991), 72 Ohio App.3d 364, 594 N.E.2d 975, and *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328. A journal entry is considered timely if it is filed before the expiration of the time for a speedy trial. *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571.

The total number of days between the date of arrest and the date of trial was fifty-nine. Each of the days appellant spent in jail counted as three days in the calculation of speedy trial time. R.C. 2945.71(E). The journal entry dated August 14 tolled the time for two days. The entry documented that the

continuance was at appellant's request and the reason therefore was to enable appellant to obtain counsel. The journal entry dated September 12 tolled the time for thirty days. The entry specifically held that the continuance was due to appellant's contempt of court. This court has previously held that contempt of court proceedings are not subject to the strictures of the speedy trial statute. *State v. Khong* (1985), 29 Ohio App.3d 19, 29 OBR 20, 502 N.E.2d 682, and *Cleveland v. Anderson* (1992), 82 Ohio App.3d 63, 611 N.E.2d 439. The journal entries dated August 14 and September 12 were both timely in that the time for speedy trial purposes had not yet elapsed.

Subtracting thirty-two days from the fifty-nine days between arrest and trial leaves twenty-seven days which count against the state. Each of these days must count as three because appellant remained incarcerated for the duration. Twenty-seven multiplied by three equals eighty-one, which is less than the ninety days in which the state had to bring appellant to trial.

The trial court correctly denied appellant's motion to dismiss the aggravated menacing charge on violation of speedy trial grounds. Appellant's fourth assignment of error is overruled.

V

"The trial court erred in failing to grant the time served in jail in lieu of posting bond against the sentence imposed."

■ Appellant argues that the municipal court failed to give him credit for time served as required by R.C. 2949.08. Appellant's argument is well taken.

■ Appellant's record indicates that appellant spent fifty-nine days in jail prior to his sentencing. A trial court is authorized to sentence a defendant to a maximum of thirty days for the commission of a fourth degree misdemeanor. A court does not have the authority to sentence beyond the statutory guidelines written by the legislature. Once credit is given for time served in this case, appellant is entitled to a release.

Following the decision in *State v. Ward* (1984), 16 Ohio App.3d 276, 16 OBR 301, 475 N.E.2d 802, this court has held that the issue of credit for time served was premature because the defendant had been granted a stay of execution pending appeal and had not yet been transmitted to the jailer, where he would have received a credit. *Garfield Hts. v. Rogers* (Oct. 10, 1991), Cuyahoga App. Nos. 61447 and 61451, unreported, 1991 WL 205624.

■ Although appellant has also received a stay of execution pending appeal, we decline to apply such a rigid and technical rule to the present situation. We find that the issue on appeal is not premature. Appellant has been sentenced to

a probation where any sentence of incarceration imposed due to a violation of the terms of probation would be void. We therefore find that the court exceeded its authority when sentencing appellant.

Appellant's fifth assignment of error is sustained. Appellant's menacing conviction is affirmed. Appellant's sentence is void and vacated. Appellant's stay of execution is vacated, and appellant is hereby ordered discharged.

*Judgment affirmed in part*
*and reversed in part.*

SPELLACY, C.J., and JAMES D. SWEENEY, J., concur.