OPINION
Defendant-appellant Jack D. Johnson appeals his sentence from the Morrow County Court of Common Pleas on one count of negligent assault, in violation of R.C. 2903.14. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 4, 1999, in case number 4242, defendant-appellant Jack D. Johnson [hereinafter appellant] was indicted on one count of attempted murder, in violation of 2903.02 (a felony of the first degree) with a firearm specification, one count of using a weapon while intoxicated, in violation of R.C. 2923.15 (a misdemeanor of the first degree), one count of criminal damaging, in violation of R.C. 2909.06(A)(1) (a misdemeanor of the second degree) and one count of domestic violence, in violation of R.C. 2919.25(A) (a misdemeanor of the first degree). Appellant was arraigned on August 19, 1999. At the arraignment, appellant was found to be indigent and an attorney was appointed to represent appellant. A plea of not guilty was entered on the appellant's behalf and bond was set. On September 23, 1999, in case number 4256, appellant was indicted on one count of felonious assault, by means of a deadly weapon, in violation of R.C. 2903.11(A)(2) (a felony of the second degree). Appellant was arraigned on September 24, 1999. Appellant entered a plea of not guilty and the case was consolidated with case number 4242 for the purpose of trial. Bond was continued as set in case number 4242. However, appellant was unable to post bond. Therefore, appellant was incarcerated from July 24, 1999, until the end of the trial on December 15, 1999. The matter proceeded to trial. After due deliberations, the jury returned a verdict of guilty to the lesser included offense of negligent assault, in violation of R.C. 2903.14, a misdemeanor of the third degree. Appellant was found not guilty of all other counts contained in the Indictments. The trial court immediately proceeded to sentencing. The trial court ordered that appellant serve the maximum sentence for a third degree misdemeanor, 60 days, in the Morrow County Correctional Facility, with credit for time served. Appellant was further ordered to pay a fine of $500.00, to be paid within one year of the date of the filing of the Judgment Entry. In addition, appellant was placed on intensive probation for a period of two years, subject to the following conditions: 1) The Defendant shall register for and undergo an evaluation for alcohol consumption and shall undertake and participate in any follow-up counseling as recommended by the progarm [sic]. The Defendant shall not consume alcohol during the probationary period. 2) The Defendant shall pay any and all restitution to be determined and he shall not have contact with the victims, Steve Hatten and Tammy Hornbeck. 3) The Defendant shall pay the Court Costs within (6) months of the date of this entry. Expert witness fees shall be taxed as costs in these cases. 4) The Defendant shall not possess firearms during the probationary period. Appellant appeals his sentence, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT HAS NO AUTHORITY TO SENTENCE APPELLANT BEYOND THE STATUTORY GUIDELINES. ONCE APPELLANT IS GIVEN CREDIT FOR TIME SERVED IN THE CASE PURSUANT TO OHIO REVISED CODE SECTION 2949.08 THE APPELLANT IS ENTITLED TO A FULL RELEASE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED WHEN IT IMPOSED BOTH A FINE AND IMPRISONMENT WITHOUT HOLDING A HEARING CONSIDERING THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.22(F) AND SECTION 2947.14.
 I
In the first assignment of error, appellant argues that the trial court erred when it placed appellant on probation despite the fact that his credit for time served in confinement while awaiting trial exceeded the sentence imposed upon his conviction. Basically, appellant contends that once he had served his complete sentence, which was the maximum allowable by statute for the offense of which appellant was convicted, the trial court was without authority to sentence appellant to probation. Appellee concedes that appellant had served more time in confinement than the sentence imposed, and as such, "[t]he court [was] precluded from placing the defendant on probation." Appellee's Merit Brief, page 1. A trial court does not have the authority to sentence an offender beyond the statutory guidelines imposed by the legislature. See City of North Olmstread v. Cipiti (1996), 114 Ohio App.3d 549. The legislature has impliedly required that an offender be subject to a sentence of incarceration before such a sentence can be suspended and the offender placed on probation. Id. The relevant Revised Code Sections, regarding imposition of probation for misdemeanor offenses, state as follows:
 2929.51 SUSPENSION OF SENTENCE; TIME; CONDITIONS; COMMUNITY BASED CORRECTIONAL PROGRAM; DOMESTIC VIOLENCE OFFENDERS (A) At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following:
 (1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code;
 (2) Suspend the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate;
 (3) Permit the offender to serve the offender's sentence in intermittent confinement, overnight, or on weekends, or both, or at any other time or times that will allow the offender to continue at the offender's occupation or care for the offender's family;
 (4) Require the offender to serve a portion of the offender's sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate, or suspend the balance of the sentence and place the offender on probation pursuant to that section.
 2951.02 CRITERIA FOR PROBATION; CONDITIONS OF PROBATION; COMMUNITY SERVICE WORK; SUSPENSION OF SENTENCE; EFFECT OF USE OF FIREARM; IGNITION INTERLOCK DEVICES (A)(1)
In determining whether to suspend a sentence of imprisonment imposed upon an offender for a misdemeanor and place the offender on probation or whether to otherwise suspend a sentence of imprisonment imposed upon an offender for a misdemeanor pursuant to division (A) of section 2929.51 of the Revised Code, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender. (Emphasis Added.)
Pursuant to R.C. 2929.51, R.C. 2951.02 and City of North Olmstead v. Cipiti, supra, we find that a sentence of imprisonment must exist before the sentence can be suspended and an offender placed on probation. The trial court was without authority to sentence appellant to probation since he was given credit for pre-trial confinement which exceeded the number of days of incarceration to which appellant was sentenced. Appellant's first assignment of error is sustained.
 II
In appellant's second assignment of error, appellant argues that the trial court erred when it imposed both a sentence of incarceration and a fine without first holding a hearing to consider the requirements of R.C. 2929.22(F) and R.C. 2947.14. We disagree. R.C. 2929.22(F) prohibits a trial court from imposing a fine that "exceed[s] the amount the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense." This court has previously held that "R.C. 2929.22(F) does not require a trial court to conduct a hearing regarding a defendant's ability to pay a fine, but rather merely requires a trial court to consider the same." State v. Plant (March 24, 2000), Ashland App. No. 99-COA-01323, unreported, 2000 WL 492090. In the case sub judice, appellant contends that the trial court was aware that appellant was indigent and that appellant had received no social security payments while being held in jail pending trial and yet failed to inquire about appellant's income or assets. However, the record indicates that the trial court considered appellant's ability to pay the fine: THE COURT: That you pay the costs within — pay the costs incurred in this action within six months and I'm taxing as costs to this case the costs of the expert witness who testified here and if there is an indigency problem on that we'll have to evaluate that as well. The initial appointment as I recall was questionable in view of some property that you owned as I recall, too, real estate. . . . We may extend the time for you to pay the costs depending upon the circumstances as to what the costs ultimately are and impose a fine of $500 and ask that be paid also during the time of within one year, costs within six months, fine within one year. . . . MR. DESMOND: I, for instance would like to put on the record I know he hasn't been receiving any social security since the time he has been in jail and that has been almost five months at this particular point. I also know for a fact that his interest in his home has been signed away, so I'm at this particular point pointing out to the Court I don't think Mr. Johnson has any assets at this time at all. THE COURT: My question in my mind, when that is done whether or not in fact, I use the term technically, a fraudulent conveyance, so we'll have to check that out. MR. DESMOND: I happen to agree with the Court in Mr. Johnson's case that it was because I have talked to him about it, but that's just — I don't think —
Transcript at 6 — 8. The record indicates that the trial court considered appellant's ability to pay a fine and costs. In fact, it appears that the trial court was aware of the fact that appellant had previously been found indigent and counsel appointed. However, the trial court questioned the soundness of that decision, expressing a concern over the transfer of real property previously owned by appellant. Appellant's trial counsel concurred with the court that appellant may have transferred his interest in his home under questionable or fraudulent circumstances. Further, we note that the trial court gave appellant one full year to pay the fine of $500.00. We find the trial court considered the factor(s) as set forth in R.C. 2929.22(F) and was not required to conduct a hearing before imposing a fine. Appellant further asks this court for a hearing pursuant to R.C. 2947.14(D) to determine if appellant is able to pay the fine or should be given credit for the days he was held in jail, beyond sixty days, at the statutory rate of $30.00 per day. R.C. 2947.14 states, in pertinent part: (A) If a fine is imposed as a sentence or a part of a sentence, the court or magistrate that imposed the fine may order that the offender be committed to the jail or workhouse until the fine is paid or secured to be paid, or he is otherwise legally discharged, if the court or magistrate determines at a hearing that the offender is able, at that time, to pay the fine but refuses to do so. The hearing required by this section shall be conducted at the time of sentencing. . . . (D) No person shall be ordered to be committed to a jail or workhouse or otherwise be held in custody in satisfaction of a fine imposed as the whole or a part of a sentence except as provided in this section. Any person imprisoned pursuant to this section shall receive credit upon the fine at the rate of thirty dollars per day or fraction of a day. If the unpaid fine is less than thirty dollars, the person shall be imprisoned one day. (Emphasis Added.) First, the need to conduct the hearings required pursuant to R.C.2947.14(D) does not arise until a defendant fails to pay a fine and the court considers incarceration as a result. State v. Meyer (1997),124 Ohio App.3d 373, 377; State v. Johnston (July 26, 2000), Ashland App. No. 99C0A01333, unreported, 2000 WL 1055893 (citing State v. Meyer, id. State v. Johnson (1995), 107 Ohio App.3d 723, 728-729). The record reflects that appellant was given until February 10, 2000, to pay the fine. At the time of this appeal, the trial court had not found that appellant had failed to pay the fine nor considered incarceration for any such failure to pay. Therefore, no hearing was required. Further, R.C.2947.14(D), mandating a daily $30.00 credit towards a fine, applies only if the imprisonment is imposed pursuant to R.C. 2947.14. Appellant has not been imprisoned pursuant to R.C. 2947.14 for failure to pay the fine and, therefore, is not eligible for financial credit for his time served while awaiting trial. Appellant's second assignment of error is overruled.
In that this court has affirmed the trial court's imposition of a sentence of both imprisonment and a fine, the trial court's Judgment Entry is affirmed, in part, as to that issue. Pursuant to our finding that the trial court exceeded its authority when it sentenced appellant to probation when appellant had completed his term of incarceration, the trial court's Judgment Entry is void and vacated as to the imposition of probation.
Therefore, the judgment of the Morrow County Court of Common Pleas is affirmed, in part, and vacated and remanded, in part.
Edwards, J. Farmer, P.J. and Reader, J. concurs