JOURNAL ENTRY AND OPINION
Defendant-appellant, Dawn Romano, appeals the decision of the Parma Municipal Court convicting her for violating Brooklyn Municipal Ordinance 333.03, which prohibits the operation a vehicle in excess of posted speed limits. For the reasons that follow, we affirm.
The record reveals that appellant was traveling along Clinton Road in Brooklyn, Ohio on February 29, 2000 when she was stopped by Brooklyn Police Officer Jeff Carson for traveling in excess of the posted speed. The traffic citation issued to appellant summoned her to appear at the Brooklyn Mayor's Court on March 30, 2000. Appellant appeared as directed and moved to dismiss the citation on the basis that she was not brought to trial within thirty days as required by R.C. 2945.71(A).
In her motion to dismiss, appellant argued that the day she was issued the citation and summons to appear is to be counted as the first day for speedy trial purposes. The court denied appellant's motion whereupon she entered a plea of not guilty and the case was transferred to Parma Municipal Court. Prior to trial in that court, appellant again moved to dismiss the citation on the same basis. The municipal court denied the motion. The case proceeded to trial whereupon appellant was found guilty and sentenced accordingly. Execution of sentence was stayed pending appeal.
Appellant is now before this court and assigns two errors for our review. Because the assigned errors are related, we will discuss them together.
Succinctly, appellant contends that the mayor's court erred in issuing a trial date more than thirty days after she received her traffic citation and, as such, the trial court was without jurisdiction to render the decision that it did. In particular, appellant argues that the day she was issued the citation and summons is considered the first day in computing time for speedy trial purposes and thus her March 30th court appearance was one day beyond the statutory speedy trial time limit.
A mayor's court is a court not of record and therefore R.C. 2945.71(A) governs the time within which a trial must be held. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 59. This statute provides, in relevant part:
 A person against whom a charge is pending in a court not of record *** shall be brought to trial within thirty days after his arrest or the service of summons.
Moreover, Crim.R. 45 governs the computation of time under this statute and provides, in relevant part:
 In computing any period of time prescribed *** by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. ***
Under this rule, the date the citation was issued is not included when computing time pursuant to R.C. 2945.71. See, also, State v. Lautenslager (1996), 112 Ohio App.3d 108, 110; State v. McCornell(1993),91 Ohio App.3d 141, 145; State v. Steiner (1991), 71 Ohio App.3d 249,250-251; State v. Saikus (Mar. 12, 1998), Cuyahoga App. No. 71981, unreported, 1998 Ohio App. Lexis 991. Consequently, the trial court did not err in summoning appellant to appear on March 30th, which falls on the thirtieth day and therefore within the time prescribed by R.C.2945.71(A).
Notwithstanding, the mayor's court transferred the case to Parma Municipal Court because appellant entered a not guilty plea. Transfer from a mayor's court to a municipal court constitutes a removal pursuant to R.C. 2945.72(F) thereby tolling the speedy trial statute. Brecksville v. Cook, 75 Ohio St.3d at the syllabus. If the removal takes place after the thirty days permitted by R.C. 2945.71(A), however, the accused's speedy trial rights have been violated and the accused is subject to discharge. North Olmsted v. Cipiti(1996), 114 Ohio App.3d 549, 552; Brooklyn v. Blake (Oct. 8, 1998), Cuyahoga App. No. 73354, unreported, 1998 Ohio App. Lexis 4799.
Computing time as prescribed by statute and rule as discussed above, it is apparent that the removal occurred within the appropriate time for speedy trial purposes. In order to be in compliance with R.C. 2945.71(A), the mayor's court had to certify appellant's case no later than March 30, 2000, which the record supports was done in this case.[1]
Appellant's assignments of error are not well taken and are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE:
MICHAEL J. CORRIGAN, J. and TERRENCE O'DONNELL, J., CONCUR.
[1] It is well established that a court of record speaks only through its journal. See Hairston v. Seidner (2000), 88 Ohio St.3d 57, 58. Since a mayor's court is a court not of record, this rule of law is inapplicable. See Brecksville v. Cook, 75 Ohio St.3d at 59. We believe, nonetheless, that the better practice would be for the mayor's court to include a time-stamped entry supporting certification on March 30th instead of a dated magistrate's entry certifying the case on that date.