**[Cite as *State v. Rink*, 2019-Ohio-4379.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                            Court of Appeals No. L-19-1130

       Appellee                                   Trial Court No. CR0200201826

v.

Stanley Lee Rink                               **DECISION AND JUDGMENT**

       Appellant                                  Decided:  October 25, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Stanley Lee Rink, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this accelerated appeal, appellant, Stanley Rink, appeals the May 23, 2019

judgment of the Lucas County Court of Common Pleas denying his "Motion To Vacate

5-Year Sentence For Violating Post-Release Control, Declared Void By This Court And

Credit The Time Served To The Current Sentence Imposed [sic]." For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} In 1999, Rink was convicted of one count of rape and sentenced to three years in prison ("1999 case"). He was released in 2001 and placed on postrelease control.

{¶ 3} In 2002, shortly after his release from prison, Rink was convicted of two counts of rape in the case underlying this appeal ("2002 case"). The trial court sentenced Rink to 10 years in prison on each rape count, as well as 5 years in prison for violating postrelease control. The court ordered Rink to serve the prison terms consecutively, with the 5-year postrelease control sanction to be served first. Rink appealed to this court, arguing that the trial court erred by imposing maximum sentences. We affirmed. *State v. Rink*, 6th Dist. Lucas No. L-02-1307, 2003-Ohio-4097.

{¶ 4} In 2008, the trial court issued a nunc pro tunc sentencing entry once again sentencing Rink to 10 years on each rape count and five years on the postrelease control violation. The court again ordered Rink to serve the sentences consecutively, with the postrelease control sanction to be served first. Rink did not appeal the nunc pro tunc entry.

{¶ 5} Beginning in 2014, Rink filed a series of motions seeking to have the 5-year prison sentence for the postrelease control violation vacated on the basis that postrelease control was not properly imposed in the 1999 case.

2.

{¶ 6} In his 2014 motion, Rink argued that the trial court did not sentence him to postrelease control in the 1999 case, so the Adult Parole Authority was not authorized to place him on postrelease control when he finished his 3-year sentence in 2001. And because the Adult Parole Authority was not authorized to place him on postrelease control, Rink claimed, the trial court lacked jurisdiction to sentence him in the 2002 case for violating postrelease control. Rink asked the trial court to remove the 5-year sentence for the postrelease control violation from the sentencing entry in the 2002 case. In its response to the 2014 motion, the state conceded that (1) postrelease control was not properly imposed in the 1999 case, (2) the court could not correct the error because Rink had served the entire sentence imposed in the 1999 case, and (3) the postrelease control sanction in the 2002 case should be vacated. Nevertheless, the trial court inexplicably denied Rink's motion. Rink did not appeal the trial court's decision.

{¶ 7} In 2015, Rink filed a second motion seeking to have the 5-year prison sentence for the postrelease control violation vacated. In his motion, he clarified that he was seeking to have the postrelease control sanction in the 2002 case vacated, not seeking to have the court correct the postrelease control imposed in the 1999 case. In its opposition, the state argued that Rink was not entitled to have his 5-year sentence vacated because he had already served the entire five years and was serving one of his 10-year rape sentences, which was separate and distinct from the sentence for the postrelease control violation. The trial court agreed with the state and denied Rink's motion. Rink did not appeal the trial court's decision.

3.

{¶ 8} In 2018, Rink filed a motion seeking a determination that he was wrongfully imprisoned during the five years he served for the postrelease control violation. The state opposed the motion, arguing that Rink could not meet the statutory elements required to find that a person was wrongfully imprisoned. The trial court again agreed with the state and denied Rink's motion.

{¶ 9} Finally, in 2019, Rink filed the motion underlying this appeal. In it, he sought both to have the 5-year postrelease control sanction vacated and to have the time he served for the postrelease control sanction credited to his 20-year sentence for the rapes. In its opposition, the state argued that Rink waived or forfeited the remedy of sentence credit because he did not raise the issue in any of his prior motions and Rink's motion was barred by laches and the law-of-the-case doctrine. On May 23, 2019, the trial court denied Rink's motion.

{¶ 10} Rink now appeals, assigning the following error:

> The trial court abused its discretion when it denied Appellant's request to credit him with the 5 years he served for a void post release control violation toward the total aggregate sentence imposed on his current term of incarceration for this case.

## II. Law and Analysis

{¶ 11} In his assignment of error, Rink contends that he should receive credit toward his 20-year rape sentence in the 2002 case for the five years he served for violating postrelease control. He argues that, because postrelease control was not

4.

properly imposed in the 1999 case (making the postrelease control portion of his 1999 sentence void), the time he has already served on the postrelease control violation in the 2002 case was served on a void sentence and the remedy in such a case is crediting his rape sentence with the time he served for the void postrelease control sanction. The state responds that Rink did not timely raise this issue, so he has waived or forfeited it, his claim is barred by laches, and his claim is barred by the law-of-the-case doctrine. Because Rink served five years in prison on a void sentence, we agree with Rink that he should receive credit toward his 20-year sentence for rape.

{¶ 12} When a trial court fails to properly impose postrelease control as part of a sentence, the postrelease control portion of the sentence is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. In such a case, because that portion of the sentence is void, the sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. Moreover, any later criminal convictions or postrelease control sanctions that are imposed under a void postrelease control sentence are likewise void and subject to collateral attack. *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960 (finding that the trial court lacked jurisdiction to convict the defendant of escape—a charge based on the defendant's violation of the terms of his postrelease control—because the underlying postrelease control was not properly imposed, resulting in a void judgment that was subject to collateral attack).

5.

{¶ 13} Generally, for criminal sentences imposed before July 11, 2006, the proper remedy for a void postrelease control sentence is remand to the sentencing court for a limited sentencing hearing restricted to properly imposing postrelease control.[1] *Fischer* at paragraph two of the syllabus; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus.  If the trial court properly informed the defendant about postrelease control at sentencing, but failed to incorporate the necessary information into its sentencing entry, the error can be corrected by a nunc pro tunc judgment entry.  *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, syllabus.  However, the appropriate corrective action must be taken before the defendant finishes serving the prison sentence to which the postrelease control is attached because "a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration."  *State v. Holdcraft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 5; *Qualls* at ¶ 24 ("The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.").

---

[1] Effective July 11, 2006, the general assembly enacted R.C. 2929.191, which outlines how trial courts are to correct improperly-imposed postrelease control.  2006 Am.Sub.H.B. No. 137.  The statutory process is only applicable to defendants who were sentenced on or after July 11, 2006, however, *Singleton* at paragraph two of the syllabus, so it is inapplicable to Rink's case.

6.

{¶ 14} In cases—like this one—where the defendant is incarcerated for violating postrelease control that is later determined to be void and cannot be corrected because the defendant finished serving his prison term, the remedy is vacating the sentence imposed for the postrelease control violation. *See, e.g., State v. Cupp*, 2016-Ohio-8462, 75 N.E.3d 940 (4th Dist.) (vacating prison term imposed for violating postrelease control because it was based on a void order of postrelease control); *State v. Strowder*, 8th Dist. Cuyahoga No. 103156, 2015-Ohio-5270 (vacating prison term imposed for violating postrelease control because it was based on a void order of postrelease control). In considering cases where the underlying postrelease control is void and the defendant had served all of the prison term imposed for a postrelease control violation, the Second District Court of Appeals determined that the time served should be credited against the defendant's remaining prison term for the underlying felony because the defendant's sentence for violating postrelease control "arose out of" the underlying felony convictions. *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, ¶ 24; *State v. Spencer*, 2d Dist. Clark No. 2017-CA-22, 2018-Ohio-873, ¶ 12.

{¶ 15} Here, Rink argues, the state concedes, and the trial court found that postrelease control was not properly imposed in the 1999 case and that the 5-year postrelease control sanction is void. The record also shows that Rink has served the entire 5-year sentence that the trial court imposed as a sanction for violating postrelease control. Therefore, the usual remedy of vacating the postrelease control sanction is insufficient. We agree with the Second District that, because the improper postrelease

7.

control sanction arose out of Rink's underlying rape convictions, the appropriate remedy is crediting the time Rink served for the postrelease control sanction toward the prison terms imposed for the underlying rape convictions. *Tanksley* at ¶ 24; *Spencer* at ¶ 12.

{¶ 16} Further, we find that the state's arguments against granting Rink credit are unpersuasive. First, because the underlying postrelease control was improperly imposed and is void, res judicata does not preclude review of the void sentence, and Rink was entitled to attack the void judgment at any time. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus.

{¶ 17} Second, the record shows that Rink did not waive or forfeit the issue. "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23. Forfeiture, on the other hand, "is a failure to preserve an objection * * *." *Id.* Rink repeatedly brought the issue of his void postrelease control to the trial court's attention and attempted numerous times to receive relief from the trial court. This does not show that Rink intentionally relinquished or abandoned the issue or that he failed to object to the trial court's decisions.

{¶ 18} Third, laches does not apply here. Laches is a party's failure to assert a right for an unreasonable and unexplained period of time under circumstances that cause prejudice to the opposing party. *Connin v. Bailey*, 15 Ohio St.3d 34, 35, 472 N.E.2d 328 (1984). Delay alone is an insufficient basis to support laches, however; the party asserting laches must also show that it was materially prejudiced by the opposing party's

8.

delay. *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959), paragraph three of the syllabus. Material prejudice exists when a party shows (1) the loss of evidence helpful to the party's case or (2) a change in the party's position that would not have occurred if the opposing party had asserted his rights sooner. *Junkins v. Spinnaker Bay Condo. Assn.*, 6th Dist. Ottawa No. OT-01-007, 2002 WL 337780, *12 (Mar. 1, 2002). The state has not shown the loss of evidence helpful to its case or that it changed its position in a way it would not have if Rink had asserted his rights sooner. Thus, the state cannot show any material prejudice resulting from Rink's delay in raising the issue of void postrelease control. Accordingly, it cannot show that Rink's claim is barred by laches.

{¶ 19} Finally, the law-of-the-case doctrine does not bar Rink's claims. Under the law-of-the-case doctrine "a reviewing court's decision [is] the law in the reviewed case for all legal questions and for all subsequent proceedings in the case." *State ex rel. Sharif v. McDonnell*, 91 Ohio St.3d 46, 47, 741 N.E.2d 127 (2001). The purpose of the doctrine is to "compel trial courts to follow the mandates of reviewing courts." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Moreover, "[t]he doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Id.* Prior to this decision, we have not had occasion to issue an opinion regarding the postrelease control sanction imposed in the 2002 case. Thus, there were no mandates from us that the trial court was following when it denied Rink's motion to vacate his sentence, and the law-of-the-case doctrine is inapplicable.

**{¶ 20}** In sum, because Rink was serving a prison sentence based on improperly-imposed postrelease control (which the parties and the trial court agree resulted in a void sentence) we find that Rink is entitled to credit against his underlying felony sentences. Rink's assignment of error is well-taken.

### III. Conclusion

**{¶ 21}** Based on the foregoing, the May 23, 2019 judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                              JUDGE
Christine E. Mayle, P.J.

                              _____
Gene A. Zmuda, J.             JUDGE
CONCUR.

                              _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.