[Cite as *State v. Rink*, 2021-Ohio-1068.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-20-1049

    Appellee                                  Trial Court No. CR20021826

v.

Stanley Lee Rink                            **DECISION AND JUDGMENT**

    Appellant                                 Decided:  March 31, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Stanley Rink, appeals the December 18, 2019 judgment of the
Lucas County Court of Common Pleas resentencing him following our remand in *State v.
Rink*, 6th Dist. Lucas No. L-19-1130, 2019-Ohio-4379 ("*Rink II*").  For the following
reasons, we affirm.

## I. Background and Facts

{¶ 2} In 1999, Rink was convicted of one count of rape and sentenced to three years in prison ("1999 case"). He was released in 2001 and placed on postrelease control.

{¶ 3} In 2002, shortly after his release from prison, Rink was convicted of two counts of rape in the case underlying this appeal ("2002 case"). The trial court sentenced Rink to ten years in prison on each count, as well as five years in prison for violating postrelease control. The court ordered Rink to serve the prison terms consecutively, with the five-year postrelease control sanction to be served first. Rink appealed to this court, arguing that the trial court erred by imposing maximum sentences. We affirmed. *State v. Rink*, 6th Dist. Lucas No. L-02-1307, 2003-Ohio-4097.

{¶ 4} In 2008, the trial court issued a nunc pro tunc sentencing entry once again sentencing Rink to ten years on each rape count and five years on the postrelease control violation. The court again ordered Rink to serve the sentences consecutively, with the postrelease control sanction to be served first. Rink did not appeal the nunc pro tunc entry.

{¶ 5} Beginning in 2014, Rink filed various motions attempting to vacate the five-year prison sentence for the postrelease control violation on the basis that postrelease control was not properly imposed in the 1999 case, rendering that part of his sentence void. The trial court denied all of Rink's requests, and he appealed its final denial. Ultimately, we concluded that "Rink argue[d], the state concede[d], and the trial court

2.

found that postrelease control was not properly imposed in the 1999 case and that the five-year postrelease control sanction [was] void." *Rink II*, 6th Dist. Lucas No. L-19-1130, 2019-Ohio-4379, at ¶ 15. Because Rink had already completed his five-year sentence for the postrelease control violation, we determined that the proper remedy was to credit the days he served for the postrelease control violation to his 20-year sentence for the rape convictions. *Id.*

{¶ 6} On December 11, 2019, the trial court resentenced Rink in accordance with our decision in *Rink II*, vacating the five-year postrelease control sentence, reaffirming the aggregate 20-year sentence for Rink's rape convictions, and crediting the time Rink served under the postrelease control sentence against the rape sentences.

{¶ 7} Rink now appeals, assigning the following error:

The Trial Court erred in not granting Appellant credit for the time he Served on post-release control.

## II. Law and Analysis

{¶ 8} In his assignment of error, Rink contends that he should receive 243 days of jail-time credit toward his 20-year rape sentence in the 2002 case because he spent 243 days under an improperly-imposed term of postrelease control following his release from prison in the 1999 case. He argues that he is entitled to this additional jail-time credit because "his freedom was restrained and he was subject to the supervision of the Adult Parole Authority for a voided period [of] post-release [sic] control * * *." The state responds that Rink waived this argument by failing to raise it at the resentencing hearing.

3.

Alternatively, the state argues that Rink is not entitled to credit for time when he was not physically confined.

{¶ 9} "When reviewing sentencing errors, the Supreme Court of Ohio has consistently held that a failure to object waives all but plain error." *State v. Devai*, 2013-Ohio-5264, 2 N.E.3d 993, ¶ 16 (11th Dist.). Rink did not ask the trial court to give him additional credit against his rape sentences for the time that he was under postrelease control supervision, but not incarcerated, so he has waived all but plain error.

{¶ 10} Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B). An error that affects substantial rights is one that "affected the outcome" of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 11} Rink's request for credit toward his prison term for days when he was not confined in jail or prison, or under a similarly restrictive sanction (such as confinement in a community-based correctional facility), is contrary to statutory law and governing precedent from the Supreme Court of Ohio. That is, R.C. 2967.191(A) provides for a reduction of prison time for related days to *confinement*. It states, in relevant part, that "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner *was confined for any reason*

4.

*arising out of the offense for which the prisoner was convicted and sentenced * * *.*"
(Emphasis added.) Recently, the Supreme Court of Ohio clarified that "R.C.
2967.191(A) is plain and unambiguous and limits a jail-time credit to specific types of
confinement, *those in which the defendant is confined in a public or private facility*."
(Emphasis added.) *State v. Reed*, Slip Opinion No. 2020-Ohio-4255, ¶ 19.

{¶ 12} In *Reed*, the Supreme Court determined that a defendant who was
sentenced to prison after the trial court revoked his community control was not entitled to
jail-time credit for the days he spent on house arrest and electronic monitoring after his
conviction because, although "confinement" is not defined by R.C. 2967.191, the statute
contemplates confinement in a "public or private facility intended for penal
confinement," and does not extend to any type of confinement in a private residence. *Id.*
at ¶ 16.

{¶ 13} Applying that logic to Rink's case, we cannot agree that he is entitled to
credit against his rape sentences for time when he was not imprisoned. Although being
on postrelease control necessarily meant that Rink was subject to certain restrictions, *see*
Ohio Adm.Code 5120:1-1-12, those restrictions were not the equivalent of Rink being
"confined in a public or private facility" that is "intended for penal confinement." *Reed*
at ¶ 16. Moreover, there is no evidence in the record that the time Rink was on
postrelease control meets the second requirement in R.C. 2967.191(A)—i.e., that it
"ar[ose] out of the offense for which the prisoner was convicted and sentenced * * *."
Rink was on postrelease control *before* he was charged with and convicted of the rapes in

5.

the 2002 case. So, logically, the term of postrelease control could not have arisen from the 2002 convictions.[1]

{¶ 14} In support of his argument, Rink cites *N. Olmstead v. Cipiti*, 114 Ohio App.3d 549, 683 N.E.2d 795 (8th Dist.1996). In that case, the appellant was convicted of a misdemeanor and sentenced to, among other things, the maximum sentence of 30 days in jail, which the court suspended on the condition that the appellant complete a term of probation. *Id.* at 550-551. However, he was held in jail pending trial for 59 days—more than the maximum number of days that he could legally be incarcerated for the offense of which he was convicted. *Id.* at 553. The Eighth District vacated the trial court's imposition of the suspended jail sentence because the appellant had already served more than the statutorily-permissible number of days in jail for his conviction and "any sentence of incarceration imposed due to a violation of the terms of probation would be void." *Id.* at 554.

{¶ 15} As Rink recognizes in his brief, "[i]n *Cipiti*, the imposition of a jail sentence was void and [the appellant] *received credit for the days he was incarcerated*." (Emphasis added.) Nonetheless, Rink contends that he should receive credit for days that he was *not incarcerated* because he was improperly subject to state control via the terms and conditions of postrelease control. *Cipiti* does not support his position. Rather, the

---

[1] The five-year prison term for the postrelease control violation, on the other hand, *did* arise from the 2002 rape convictions; the postrelease control sanction was a punishment that Rink received as a direct result of committing new crimes while on postrelease control.

6.

*Cipiti* court's determination that the appellant could not properly be sentenced to any further jail time hinged on the fact that he had already been confined in jail beyond the maximum allowable number of days, *id.* at 553-554, which fits squarely with the Supreme Court of Ohio's recent pronouncement that an offender is entitled to jail-time credit for any time that was spent physically "confined in a public or private facility" that is "intended for penal confinement." *Reed*, Slip Opinion No. 2020-Ohio-4255, at ¶ 16.

{¶ 16} In sum, we previously determined that the trial court erred in imposing postrelease control, which resulted in an invalid prison term. *Rink II*, 6th Dist. Lucas No. L-19-1130, 2019-Ohio-4379, at ¶ 15. However, that error was rectified at resentencing when the trial court gave Rink credit for the days that he was actually confined in prison on the void five-year prison sentence and ordered the Ohio Department of Rehabilitation and Correction to apply that credit to Rink's 20-year sentence in the 2002 case. Rink is not entitled to any credit beyond that. Accordingly, his assignment of error is not well-taken.

### III. Conclusion

{¶ 17} Based on the foregoing, the December 18, 2019 judgment of the Lucas County Court of Common Pleas is affirmed. Rink is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                            _____

                                                       JUDGE

Christine E. Mayle, J.

                                     _____

Gene A. Zmuda, P.J.                              JUDGE

CONCUR.

                                                       _____

                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.