The STATE of Ohio, Appellee,

v.

ROWLAND, Appellant.

[Cite as *State v. Rowland* (1996), 110 Ohio App.3d 562.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950623.

Decided April 24, 1996.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Tina I. Ernst,* Assistant Prosecuting Attorney, for appellee.

*Dinsmore & Shohl* and *Jeffrey R. Schaefer,* for appellant.

PAINTER, Judge.

Defendant-appellant Shaun Rowland entered a guilty plea to one count of breaking and entering and a guilty plea to one count of theft. The trial court sentenced Rowland to eighteen months of incarceration on each count and ordered that the terms run concurrently. The trial court suspended the sentence and placed Rowland on probation for five years. Conditions of probation included that Rowland serve a five-month period of incarceration, pay restitution and perform three hundred hours of community service for the city of Cincinnati. At the time of sentencing, Rowland resided with his parents in Morrow County, Ohio, approximately one hundred seventy miles from Cincinnati.

In his sole assignment of error, Rowland alleges that the trial court's imposition of three hundred hours of community service in Hamilton County violated (1) R.C. 2951.02(H)(1)(a), which states that "[t]he period of the work as fixed by the court shall not exceed an aggregate of two hundred hours"; and (2) R.C. 2951.02(H)(1)(b), which states that "[a] court shall not require an offender to perform supervised community service work * * * at a location that is an

unreasonable distance from the offender's residence or domicile, unless the offender is provided with transportation to the location where the work is to be performed."[1]

Both the state and Rowland cite *Cleveland v. Uveges* (May 16, 1991), Cuyahoga App. Nos. 58498 and 58499, unreported, 1991 WL 81489, as dispositive on R.C. 2951.02(H)(1)(a).[2] In *Uveges*, a defendant named Tuscano received two hundred hours of community service as a condition of probation for a criminal trespass charge, and an additional two hundred hours of community service in lieu of a $250 fine on an aggravated disorderly conduct charge.[3]

The state claims that the *Uveges* holding permits two hundred hours of community service to be attached to each charge as a condition of probation. Conversely, Rowland claims that Tuscano received his second two hundred hours of community service in lieu of a fine and not as a condition of probation. Rowland argues that the *Uveges* court emphasized in a footnote that the current version of R.C. 2951.02(H)(1)—that limits community service to two hundred hours on *both* conditions of probation and time imposed in lieu of a fine—was not in effect at the time Tuscano was sentenced in 1989.[4] Rowland concludes from this footnote that *Uveges* holds that the two-hundred-hour limit is total, and not applied to each charge.

We do not consider *Uveges* dispositive on the issue in the case at bar. In *Uveges*, the trial court creatively eliminated the entire issue by sentencing Tuscano to two hundred hours of community service as a condition of probation and two hundred hours of community service in lieu of a fine when the statute did not limit the aggregate time of community service for both a condition of probation and time in lieu of a fine. In contrast, here the trial court ordered three hundred hours of community service as a condition of probation to two charges.

No Ohio court appears to have ruled on this issue, perhaps because the answer is self-evident in the plain meaning of the word "aggregate." We hold that the plain language of the statute limits the total number of hours of community

---

1. R.C. 2951.02(H)(1) states in its body that it is applicable to misdemeanors. It is equally applicable to felonies. R.C. 2951.02(H)(2).

2. No other cases are cited, nor have we found any on this issue.

3. The trial court credited that defendant's community service at a rate of $1.25 per hour. The trial judge in that case, by "piling on" community service, was obviously out to impose a seemingly punitive sentence for a minor charge.

4. The change in the statute discussed in footnote 4 of *Uveges* was effective November 20, 1990. *Uveges, supra.*

service to two hundred hours. R.C. 2951.02(H)(1)(a) specifies quite clearly that "[t]he period of the work as fixed by the court shall not exceed an aggregate of two hundred hours." In this context, aggregate means "whole sum or amount," Webster's Third New International Dictionary (1981) 41; "a total or gross amount," Random House Dictionary of the English Language (2 Ed.1987) 38. The General Assembly could have said two hundred hours for each charge, but it declined. Thus, the whole sum of hours of community service shall not exceed two hundred hours.

Rowland next argues that he must be given "credit" for his transportation from Morrow County to Hamilton County because of the burden imposed by the length of the drive. Rowland was found by the trial court to be domiciled in Morrow County prior to the sentencing. R.C. 2951.02(H)(1)(b) states that "[a] court shall not require an offender to perform supervised community service work * * * at a location that is an unreasonable distance from the offender's residence or domicile, unless the offender is provided with transportation to the location where the work is to be performed."

This issue was not raised at sentencing. However, "a trial court may not impose mandatory community service as a condition of probation without the acquiescence of the offender." *Cleveland v. Anderson* (1992), 82 Ohio App.3d 63, 66, 611 N.E.2d 439, 440. R.C. 2951.02(H)(1) specifically requires that a defendant agree to perform community service work as a condition of probation or suspension. The trial court is required to ask a defendant if he agrees to perform community service work. The judge simply didn't ask. Rowland's failure to claim that the distance was unreasonable at sentencing is neither acquiescence in nor agreement to the terms of the community service.[5]

The mandatory language of R.C. 2951.02(H)(1)(b) is clear—a three-hundred-forty-mile round-trip journey for each day of an offender's community service is not what the General Assembly anticipated as a reasonable distance.[6] We sympathize with the trial court's preference of having the community service served in Cincinnati. The crimes, which involved theft of computers, were committed here and wreaked havoc upon victims here. However, the statutory language is mandatory and may not be disregarded.

---

**5.** Rowland did give the trial court the opportunity to correct both sentencing errors by way of a postsentence motion, which was denied.

**6.** It would be a great inferential leap to assume that Rowland could average sixty miles per hour in his trek from Morrow County to Hamilton County each day he is required to perform community service. Even at sixty miles per hour, Rowland would spend five hours and forty minutes on the road each travel day, outside of his community service time of eight hours.

Therefore, we reverse the judgment of the trial court only as it pertains to community service. We remand the case and order the trial court to correct its sentencing entry to (1) reflect no greater than two hundred hours of community service; and (2) permit Rowland to perform his community service within a reasonable distance of his home in Morrow County. We affirm the sentencing order in all other respects.

*Judgment accordingly.*

MARIANNA BROWN BETTMAN, P.J., concurs.

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, Judge, concurring separately.

I reluctantly concur in the judgment of this court that the appellant must be resentenced. At first blush, the trial court's imposition of three hundred hours of community service to be performed in and for this city does not seem unreasonable, given the havoc that appellant visited upon this community in terms of life-saving research that has been lost. Unfortunately, R.C. 2951.02 clearly does not appear to support those conditions of appellant's probation.

However, I must note that my reading of R.C. 2951.02(C) permits the trial court, upon resentencing, to impose any additional requirements upon the appellant "[i]n the interest of doing justice, rehabilitating the offender, and ensuring the offender's good behavior." Such matters are generally committed to the sound discretion of the court. *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198.