DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Toledo Municipal Court wherein appellant, Lawrence Kelley, was found guilty of driving without a license and disorderly conduct. Because we conclude that the court did not err in sentencing appellant to serve community service hours, we affirm.
 {¶ 2} On October 7, 2000, appellant was charged with driving under suspension ("case 1"), a violation of Toledo Municipal Code 335.07(A)(1) and a misdemeanor of the first degree. Appellant waived his right to a speedy trial and a trial date was scheduled for February 26, 2001. On February 26, appellant failed to appear at trial and a warrant for his arrest was issued. A new trial date was scheduled for April 18, 2001. On April 18, appellant once again failed to appear at trial.
 {¶ 3} On June 11, 2002, appellant was arrested and charged with presenting false information to a police officer, a violation of Toledo Municipal Code 525.21 and a misdemeanor of the first degree ("case 2"). On June 14, 2002, the trial court granted an oral motion to consolidate cases 1 and 2 for trial on June 24, 2002. On June 24, appellant failed to appear for trial. Appellant was arrested and the cases were rescheduled for trial on July 17, 2002. On July 17, appellant failed to appear for trial and another bench warrant was issued. On July 19, 2002, the cases were rescheduled for trial on July 24, 2002. A final trial date was scheduled for August 12, 2002.
 {¶ 4} On August 12, 2002, appellant entered a no contest plea to case 1, the amended charge of driving without a license, a violation of Toledo Municipal Code 335.07(A)(1) and a misdemeanor of the first degree. Appellant also entered a no contest plea to case 2, the amended charge of disorderly conduct, a violation of Toledo Municipal Code 509.03
and a minor misdemeanor. He was sentenced to 180 days in jail for case 1. The court suspended 140 of those days and appellant received credit for 40 days served. He was also ordered to perform community service hours. As to case 2, appellant received a $100 fine payable in community service hours. Appellant now appeals setting forth the following assignment of error:
 {¶ 5} "The trial court abused its discretion, in case No. TRD00-32927-14, where it sentence [Sic] appellant to complete 280 hours of community service in addition to imposition of a term of imprisonment and in addition to 20 hours of community service in case CRB02-09382-0101."
 {¶ 6} R.C. 2951.02(F)(1)(a) allows a trial judge to order community service hours as a condition of probation or in lieu of a fine. The statute states:
 {¶ 7} "When an offender is convicted of or pleads guilty to a misdemeanor, the court may require the offender, as a condition of probation or as a condition of otherwise suspending the offender's sentence pursuant to division (A) of section 2929.51 of the Revised Code, in addition to the conditions of probation or other suspension imposed pursuant to division (C) of this section, to perform supervised community service work under the authority of health districts, park districts, counties, municipal corporations, townships, other political subdivisions of the state, or agencies of the state or any of its political subdivisions, or under the authority of charitable organizations that render services to the community or its citizens, in accordance with this division. *** A court may permit any offender convicted of a misdemeanor to satisfy the payment of a fine imposed for the offense by performing supervised community service work as described in this division if the offender requests an opportunity to satisfy the payment by this means and if the court determines the offender is financially unable to pay the fine. The supervised community service work that may be imposed under this division shall be subject to the following limitations: (a) The court shall fix the period of the work and, if necessary, shall distribute it over weekends or over other appropriate times that will allow the offender to continue at the offender's occupation or to care for the offender's family. The period of the work as fixed by the court shall not exceed an aggregate of two hundred hours."
 {¶ 8} Appellant, in his sole assignment of error, contends the trial court violated R.C. 2951.02(F)(1)(a) in ordering him to perform more than two hundred hours of community service.
 {¶ 9} The First District Court of Appeals in State v. Rowland
(1996), 110 Ohio App.3d 562, reviewed the same statutory language at issue in this case.[1] Rowland was convicted of breaking and entering and theft. As a condition of probation, Rowland was ordered to perform 300 hours of community service work. The state argued that the statute permitted 200 hours to attach to each charge and therefore, as appellant was convicted of two offenses, anything under 400 hours was not in violation of the probation statute. The court disagreed, focusing on the meaning of the word "aggregate."
 {¶ 10} "No Ohio court appears to have ruled on this issue, perhaps because the answer is self-evident in the plain meaning of the word `aggregate.' We hold that the plain language of the statute limits the total number of hours of community service to 200 hours. R.C. [2951.02(F)(1)(a)] specifies quite clearly that `the period of the work as fixed by the court shall not exceed an aggregate of 200 hours.' In this context, aggregate means `whole sum or amount,' Webster's Third New International Dictionary (1981) 41; `a total or gross amount,' Random House Dictionary of the English Language, (2 Ed. 1987) 38. The General Assembly could have said 200 hours for each charge, but it declined. Thus, the whole sum of hours of community service shall not exceed 200 hours." Id. at 564-565.
 {¶ 11} R.C. 2951.02 makes no mention of community service hours in lieu of court costs. Rather, that issue is addressed separately in R.C.2947.23 which states:
 {¶ 12} "(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
 {¶ 13} "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
 {¶ 14} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."
 {¶ 15} Court costs are viewed differently from a criminal sentence. Statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are sentences. State v. Pasqualone (2000), 140 Ohio App.3d 650, 657.
 {¶ 16} The facts in this case are distinguishable from the facts in Rowland, supra. All of Rowland's community service hours fell under the purview of R.C. 2951.02 in that he was ordered to serve them as a condition of probation. In contrast, appellant's hours were ordered served as a condition of probation, in lieu of court costs and in lieu of a fine. Specifically, our review of the transcript shows that he was ordered to serve 160 hours as a condition of probation in case 1, 80 hours for the cost of prosecution in case 1, and 20 hours in lieu of a fine in case 2. Thus, appellant was ordered to serve a total of 180 hours as a condition of probation and in lieu of a fine. The 80 hours imposed by the court for costs, allowed by R.C. 2947.24, are separate from and accordingly not part of the hours of community service imposed pursuant to R.C. 2951.02. As the judge in this case did not exceed the hour limit set forth in R.C. 2951(F)(1)(a) in ordering appellant to perform community service hours, appellant's sole assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
[1] R.C. 2951.02(H)(1)(a), in effect prior to July 1, 1996.